## JOHN BROWN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Burglary. Corpus delicti. Sufficiency of proof. Confession.*

Upon the trial of a defendant, indicted for burglary, testimony that the outer door of the house had been broken and the cash drawer therein opened, even in the absence of direct evidence that anything had been stolen, is a sufficient showing of an intent to steal and of the *corpus delicti* to authorize the admission in evidence of defendant's confession.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Brown, the appellant, was indicted, tried, and convicted of burglary, and appealed to the supreme court. The opinion states the facts upon which the case was decided.

*T. D. Marshall,* for appellant.

This is a charge of burglary. The *corpus delicti* in such cases consists of two elements: (a) The breaking in, and (b)

the intention of committing a crime. A breaking in without intending to commit a crime is not burglary. A crime committed in a dwelling house or store, or an entering into a dwelling house or store with the intention of committing a crime, without a breaking, is not burglary. To prove the crime the state must prove, therefore, not only a breaking; but the intention to commit or the commission of a specific crime specifically charged.

While the breaking is amply proved, the intention to commit a crime is not proved except by the confession of the prisoner, if that confession be accepted as true. But the *corpus delicti* can never be proved legally by the prisoner's confession. Greenleaf on Evidence, sec. 217.

*J. N. Flowers,* assistant attorney-general, for appellee.

Counsel for appellant makes but one contention in this court. He says that the *corpus delicti* was not proved except by the confession of the accused.

There are two answers to this contention. In the first place, it is not necessary to prove the *corpus delicti* in cases of this kind before a confession may be offered. It is sufficient if there are some corroborative facts which may be taken in connection with a confession to prove the *corpus delicli.* *Heard* v. *State,* 59 Miss., 545.

In the second place, the *corpus delicti* had been proved already. It had been shown that the house had been broken into, and that the cash drawers had been opened, although nothing had been missed.

TRULY, J., delivered the opinion of the court.

Appellant was indicted for burglariously breaking and entering a storehouse with intent to commit larceny. The testimony for the state proved a breaking of the outer door, and that the cash drawers had been broken into. The intent to steal was reasonably predicable of these facts, and, even in the absence of

positive evidence that anything was actually stolen, was sufficient proof of the *corpus delicti* to authorize the admission of the defendant's confession.

*Affirmed.*