JUSTICE *et al. v.* STATE.

(Division B. April 16, 1934.)

[154 So. 265. No. 30944.]

**I. L. Sheffield,** of Fulton, for appellants.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

None of the assignments present reversible error. However, except for the point now to be discussed, one of the assignments would be serious, so far as concerns the appellant, Williamson. This assignment is that the verdict is against the great weight of the evidence. But there was no motion for a new trial; and the attorney-general

has raised the point that the assignment that the verdict is against the weight of the evidence cannot be entertained by this court in the absence of a motion for a new trial in the trial court. Upon mature consideration, we are of opinion that the attorney-general is correct in his position upon the stated point.

In Newton v. Homochitto Lbr. Co., 162 Miss. 20, 138 So. 564, followed in Mobile & O. Railroad Co. v. Johnson, 165 Miss. 397, 141 So. 581, the authorities were reviewed, going back through many years, in respect to the marked distinction in the power of the trial judge to grant a peremptory instruction, and the power, subsequently to be exercised, to set aside the verdict of the jury. The distinction, to state it briefly, is that if there be any substantial, reasonable testimony, and conceding that testimony to be true, which sustains the case of a party litigant, a peremptory instruction should not be granted against that party. When, however, the verdict of the jury has been returned, and a motion for a new trial is made upon the ground that the verdict is contrary to the evidence, the duty of the trial judge is then to look back over the entire testimony, and if he be of the opinion that the verdict is against the overwhelming weight or clearly against the great preponderance of the evidence, his duty is to set aside the verdict and grant a new trial. The stated rule is applicable alike to civil and criminal cases, and our courts have acted upon it in both those classes for many years, although there has been some obscurity of it in a few of the cases.

In Coccora v. Light & Traction Co., 126 Miss. 713, 726, 89 So. 257, 259, it was said: "Section 3, rule 6, of the Revised Rules of this court is as follows: 'The right of an appellant to obtain a review in this court of any ruling made in the trial court shall not depend in any wise upon his having filed in such court a motion for a new trial, or if such motion has been filed upon the grounds thereof being distinctly specified.' The purpose

of this rule is to dispense with the necessity for a motion for a new trial when the error assigned is based upon any ruling made in the trial court, but the verdict of the jury and judgment entered thereon is in no sense a ruling of the trial court," and the court held that a motion for a new trial was necessary to the review of a verdict for excessiveness in amount. This ruling was followed, and the reasons therefor were emphasized in St. Louis & S. F. Railway Co. v. Bridges, 156 Miss. 206, 125 So. 423. It follows inescapably that if a verdict is to be reviewed because against the great weight of the evidence, it is not sufficient that the trial judge may have refused a peremptory instruction, for that was a ruling made anterior to the verdict and, as above shown, is upon a distinct and separate preliminary question. The larger and ultimate question whether the verdict is against the great weight of the evidence does not arise until the verdict has been rendered, and before we can review that question the judgment of the trial judge must first be obtained upon it and his opinion and ruling upon it can be obtained only by a motion for a new trial, assigning that ground. Until a motion for a new trial has been made, assigning the ground mentioned, the trial judge not only has not ruled upon the question but has had no opportunity to rule upon it, and hence there has been no error in that respect for us to review.

Affirmed.