# BRYANT *v.* STATE.

(Division B.   Nov. 5, 1934.)

[157 So. 346.   No. 31334.]

Broom & Shipman, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Stewart Broom**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant and another, named Mize, were jointly indicted, tried, and convicted of the robbery of a Jitney Jungle Store in McComb. The debatable issue was one of identity. The testimony was overwhelming in the establishment of the guilt of Mize, but was not strong upon the issue of the identity of this appellant. Nevertheless one witness, who was standing very near one of the alleged criminals during the robbery, positively identified appellant. This was sufficient to take the issue to the jury as against the peremptory charge requested and denied; and we cannot consider whether the verdict is against the great weight of the evidence, because the motion for a new trial did not assign this as one of its grounds. Justice v. State (Miss.), 154 So. 265.

The defendants lived at Crystal Springs, and it appears that about the same time as the robbery here in issue there had been a series of robberies of Jitney Jungle Stores in Jackson. Crawford, a police officer of the city of Jackson, was introduced as a witness who testified that these two defendants having been arrested as the

perpetrators of the Jackson robberies, were interviewed in jail, and that Mize, the other defendant, freely and voluntarily confessed that he had committed the robberies in Jackson and also this robbery in McComb; and that appellant freely and voluntarily confessed that he drove the car for about all the robberies committed by Mize, that Mize was the gunman, and he (the appellant) drove the car for him. The police officer admitted, however, that, so far as appellant was concerned, the statements by appellant were in reference to the Jackson robberies, and that the McComb robbery was not mentioned. At the close of the testimony of the police officer, a motion to exclude his testimony was made in the following words: "Now come the defendants and move the court to exclude all the evidence offered by the witness Crawford for the reason it is not shown that the time and occasion spoken of was the time and occasion and the place for which these defendants are now being tried; it is too general, indefinite and vague." The court overruled the motion, and properly so, of course, so far as Mize was concerned, for Mize had confessed to Crawford not only to the Jackson robberies but also to the McComb robbery for which the defendants were being then tried; and the motion to exclude was not specifically that a part of the testimony of Crawford be excluded, but generally as to all of it. The rule is that "in objections to testimony, part of which is admissible and part inadmissible, specific objections.must be made to the inadmissible part, separating it from the admissible, and, unless so done, the objection will be overruled in toto, if any part of the testimony be admissible or be competent for any purpose." Whittington v. State, 160 Miss. 705, 710, 135 So. 190, 192. And upon the same principle, "where two defendants are being tried together a general objection made on behalf of both defendants jointly, to testimony which is competent and admissible against one,

is insufficient." 16 C. J., p. 877. It is the duty of the particular defendant against whom the evidence is not admissible to separately object and to request a specific ruling that as to him the evidence be excluded, although admissible as to the other defendant.

In our investigation of the legal authorities dealing with the matter discussed in the foregoing paragraph, we have examined the case, Sparf v. U. S., 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343, which holds that, where defendants are being jointly tried and a joint objection to a confession is made by all the defendants, the court may nevertheless overrule the objection as to one defendant and sustain it as to the others; but the court puts this holding upon the principle that, where the inadmissibility of the evidence as to the other defendants is so obvious or so manifest as to be beyond possibility of debate, the court may make an exception in the interest of justice. We have considered whether we might make the same exception here, but are precluded by the fact that the essential ground for the exception is absent in this case, that is, that here the inadmissibility of the evidence as to the other defendant is not so obvious, not so manifest as to be beyond the possibility of debate; for, when the issue is one of identity, the rule is that evidence is admissible, and this, of course, includes admissions or confessions of like crimes committed jointly by the same defendants, against the same class of persons, about the same time, showing the same general design or system. 1 Wharton, Crim. Ev. (10 Ed.), p. 147. See, also, Collier v. State, 106 Miss. 613, 616, 64 So. 373. The statement of the facts shows that this evidence might be admissible against this appellant under that rule, and, while we are not holding that it was admissible under that rule, the precise point is that its inadmissibility, if it be inadmissible, is not so obvious, not so manifest, as to be beyond the possibility of debate.

It appeared in the evidence for the state that, other than the two charged with the robbery, there were seven persons present in the store when the crime was com-

mitted, one of whom was Luke Harvey; and the names of these seven persons appear on the back of the indictment. All seven were summoned as witnesses by the state at the trial, and were present. Six were introduced by the state. Five of them were unable to identify appellant, but the sixth, who was near him at the door, did positively identify him. The seventh witness, Luke Harvey, was not introduced by the state. Appellant and his attorneys assumed that the reason that the state did not introduce Harvey was because his testimony would, as to this appellant, be simply that he could not identify appellant, which assumption, while not unreasonable, was nevertheless only an assumption. Therefore appellant did not interview Harvey or introduce him as a witness. But, after the trial and the verdict of conviction, appellant learned for the first time that Harvey's testimony would be not only that he could not identify appellant, but that the robber who remained near the door was not quite so tall as appellant and had certain blemishes in his face not possessed by appellant. Appellant, when he learned of this, amended his motion for a new trial, and included therein, as one of the grounds, the discovery of this evidence, and insisted, as he insists here, that the evidence was newly discovered.

The materiality and importance of this evidence is to be at once conceded, and, if we could say that the trial court abused its discretion in not sustaining the motion and not allowing a new trial on that account, we would be happy to so say. But, in order to reach a hard case, we are not authorized to open the door to the establishment of an unsound and inadmissible rule of practice, one which could and would become intolerable in the orderly and reasonably economical administration of justice. Due diligence as measured by legal standards is a universal prerequisite to the availability of newly discovered evidence as a ground for a new trial or for a rehearing.

It is the duty of a party charged by indictment with a crime to diligently prepare his defense; and, except as to a small class of particular persons not here concerned, and as to whom there is no present occasion to attempt specification, it is his duty to interview all persons known to have been present and who for that reason may be called as witnesses. This is a duty which the party owes to the court, even if not to himself, in order that he may be ready for trial, and especially so far as interviews with the witnesses are concerned. And it is a mistake to suppose, as it sometimes seems to be, that a defendant charged with a crime has no right to interview the state's witness, when the names of those witnesses appear on the back of the indictment. This does not fence off the witnesses from the defendant, nor shall the officers representing the state be permitted to take any such course, whatever it may be, as shall prevent or impede the defendant in conferring with any of the witnesses, including those for the state. This very question was directly dealt with by us in Lee v. State, 160 Miss. 618, 632, 633, 134 So. 185. But in this case, even if the want of diligence in failing to interview these witnesses before trial could be excused, there remains the failure to interview the witness Harvey, as soon as the state closed, and it was seen that the state did not propose to use him, although the evidence for the state shows that he was present.

Nor is it admissible as an excuse for not interviewing the state's witnesses, or any other supposedly adverse witnesses, with the exceptions above reserved, that some of such witnesses sometimes take a hostile or stubborn attitude, and either refuse to talk or else do so in such manner as to be embarrassing or on occasion insulting. For, when a witness is so stubborn that he will not talk, or so much of a partisan that he will not do so politely, this can be shown on the cross-examination of that witness, and it thereupon becomes a most effective weapon

for the depreciation of the weight of the testimony of such a witness when it is submitted to the jury that he was so biased that he would not talk, or, if so, only in an impolite way, or else that his refusal to talk was because of a consciousness that his story, if told in advance, was so insecure in point of truth as not to stand the scrutiny of any previous examination.

We have mentioned all the assignments argued by appellant, and, although this record is not entirely satisfactory as to the guilt of appellant of this paricular offense, there is nothing in it within the legitimate power of review by this court, and the judgment must be affirmed.

Affirmed.