# Davis *v.* State.

(Division B.   Sept. 30, 1935.)

[163 So. 391.   No. 31795.]

**E. L. Dent** and **W. W. Dent,** both of Collins, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was convicted in the circuit court of Humphreys county on a charge of burglary and sentenced to serve a term of five years in the state penitentiary. Omitting the formal parts, the indictment reads as follows:

"That Pal Davis, Pat Patterson, and G. L. Turk in said county on the eighteenth day of February, A. D. 1935, a certain store building there situate. of the property of T. B. Craft, Sr., Charles Craft, and T. B. Craft. Jr., in which goods, wares and merchandise were then and there kept for use, sale, deposit and transportation. unlawfully, feloniously and burglariously did then and there break and enter, with the felonious intent the goods and chattels in said store building then and there being found, then and there feloniously and burglariously to take, steal and carry away," etc.

A severance was granted and the appellant was tried alone.

It appeared on the trial that the building was owned by T. B. Craft, Sr., but that he. Charles Craft, and T. B. Craft, Jr.. were occupying the building and doing business under the trade-name of "Belzoni Provision Company," a partnership and not a corporation. Charles Craft, a witness for the state, testified as follows:

"Q. Who has actual charge of the mercantile business? A. I do.

"Q. Now that business, those jointly interested in the profit and loss of it, are your father, your brother and yourself? A. That is correct.

"Q. You have actual charge of the goods, wares and merchandise? A. I have charge of the entire building. I attend to the property as well as the actual selling. That is due to my father's illness."

It is contended that there was a variance between the allegations of the indictment and the proof as to the

ownership of the building, which was called to the attention of the court below in the motion for a peremptory instruction, and that, because of the variance, the conviction should be set aside.

The rule is that the title, as against a burglar, is with possession, and that possession is sufficient. Brown v. State, 85 Miss. 27, 37 So. 497; Clinton v. State, 163 Miss. 435, 142 So. 17. It is proper to aver ownership in a tenant where the charge is burglary. Brown v. State, 81 Miss. 143, 33 So. 170.

On the trial of this case the codefendant, G. L. Turk, was produced as a witness, and testified that he and Pal Davis and Pat Patterson burglarized the store in question, taking therefrom cigarettes and cigars, selling same to other dealers in and near Jackson, Mississississippi. The goods were found with permit No. 61 stamped thereon, and were identified as belonging to the Belzoni Provision Company.

Another witness testified that on the night of the burglary Pal Davis, G. L. Turk, and another came to a hotel and registered under assumed names, taking room No. 6. He testified that, while Pal Davis, the defendant, was one of the three who came into the hotel, another person actually signed the register.

It is contended that the proof is insufficient because Turk was a codefendant, a joint conspirator or confederate in the commission of the crime, and his evidence is insufficient to sustain the conviction.

We think the evidence of the defendant was corroborated, but, even if it stood alone, it was sufficient, if believed by the jury, to convict. In addition to that, we find no motion for a new trial raising this point, and, where the evidence is claimed to be insufficient to sustain a conviction, it must be raised in the court below on a motion for a new trial.

It is complained that there was reversible error in granting the following instruction for the state: "The

court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that T. B. Craft, Sr., Charles Craft and T. B. Craft, Jr., as partners, were operating and owned the business known as the Belzoni Provision Company at the time of the alleged burglary, then it is immaterial that the proof shows that the store building itself is owned by T. B. Craft, Sr.''

We do not find that either the state or the defendant procured an instruction defining the offense and what the essential elements of the offense were. The court is powerless to give an instruction unless asked, and, in the absence of an instruction so defining, we must presume that the jury understood the essential elements of the crime.

While the instruction complained of is inaccurate, there is no proof, in the light of all the evidence in the record, that the possession of the property was in anyone else than the persons alleged in the indictment to be the owners thereof. Therefore the statement in the instruction that it was immaterial to show that the building is owned by T. B. Craft, Sr., is not misleading to the extent of causing a reversal. There was no dispute as to the possession of the building, it being in the possession of the persons alleged in the indictment, and, possession being a sufficient title to sustain the allegations of the indictment, it was clearly sustained by the proof. The fact that T. B. Craft, Sr., the owner, had a record title, on the facts in this record, is immaterial.

The judgment of the court below will therefore be affirmed.

Affirmed. ·