# BYRD *v.* STATE.

(Division A.   June 14, 1937.)

[175 So. 190.   No. 32618.]

Earle L. Wingo, of Hattiesburg, and U. B. Parker, of Wiggins, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

Appellant was tried and convicted in the circuit court of Forrest county on an indictment charging him with the murder of Clifton McLendon. He was sentenced to serve a life term in the state penitentiary, and prosecutes this appeal.

Appellant was indicted on April 21, 1933, and the next day his counsel filed a petition with the trial court stating that appellant was insane and should not be arraigned upon the indictment but that the court should impanel a jury to inquire into his mental condition. Attached to the petition as exhibits were ex parte affidavits that appellant was insane at the time and had been for some time prior thereto. On April 27, 1933, the court entered an order setting a trial for April 29, 1933, for the purpose of determining the question of the insanity of the appellant. On April 29, 1933, the court overruled a motion of appellant to impanel a jury for the purpose

of determining the question of appellant's insanity, and, on the same day, after hearing several witnesses, permitted appellant to withdraw his petition for an insanity hearing, and dismissed the petition. On May 17, 1933, upon motion of the district attorney, the court ordered the case to be "passed to the files."

On November 16, 1936, the district attorney filed a motion to withdraw this case from the files and place it upon the trial docket of the court, for the reason that appellant was then mentally and physically able and ready to go to trial. The court sustained the motion, and the case was docketed for trial. ' The appellant was arraigned on the same day and pleaded not guilty. A special venire was ordered and venire facias issued, returnable November 23, 1936, and on that day the case proceeded to trial.

During the trial it was developed that on May 1, 1933, proceedings had been instituted before the clerk of the chancery court of Forrest county to have the appellant declared insane under article 4, chapter 108, Code of 1930, which resulted in his being adjudged a dangerous, criminally insane person. He was admitted to the Mississippi State Hospital for the Insane on the same day, and remained there two years and eight days, when he was allowed to leave unaccompanied to go to his brother's home in Texas. Appellant returned to Brooklyn in Forrest county and was arrested by the sheriff. While a habeas corpus proceeding, instituted by the appellant, was being heard by the circuit judge, this case was withdrawn from the files, and the appellant was then and there arrested by the sheriff and held for trial.

The facts of the killing reveal that, while appellant, Clifton McLendon, and his father, Joe McLendon, were engaged in an argument relative to a cow bell, appellant used insulting language toward deceased and his father, and a brother; that appellant shot Clifton McLendon and then shot the father, Joe McLendon, wounding him, and again fired at Clifton after he had fallen. Clifton

died from the pistol wound in about five minutes, and a search of his body revealed that he was unarmed.

The defense offered no evidence as to the details of the homicide, but offered many witnesses who testified that appellant was insane—that he did not know right from wrong and did not appreciate the nature and quality of his acts. The evidence as to appellant's manner and actions covered a period of his life from the time he was injured in the battle of Soissons in France until after he was arrested and lodged in jail following the homicide.

The State then offered witnesses in rebuttal who testified that they had known appellant; had conversations with him and observed him from time to time; and that they were of the opinion that he was sane at the time of the homicide.

The record does not disclose that appellant made any objection to the action of the court in putting him to trial on a case which had but recently been withdrawn from the files.

The jury found the appellant guilty as charged, disagreed as to his punishment, and the court sentenced him to serve a term for life in the state penitentiary.

Appellant assigns as error and grounds for reversal:

(1) The action of the court in allowing the indictment herein to be withdrawn from the files and reinstated on the docket as a pending cause. On this contention, without citation of authority, his brief states: "We submit to the court that when the murder charge was passed to the file on May 17, 1933, and thereafter appellant was permitted by the Circuit Court to be released from the jurisdiction and custody of the Circuit Court, and appellant was given a sanity hearing in the Chancery Court of Forrest County, Mississippi, and thereafter sent to the asylum, the Circuit Court lost jurisdiction of said cause and indictment and, therefore, the order permitting the District Attorney to reinstate the murder charge was without authority of law."

(2) The granting of the State's instruction as to the form of the verdict should the jury find appellant guilty as charged. Appellant complains of the instruction because it did not inform the jury that they could return a verdict of not guilty if they believed the appellant was insane.

(3) The refusal of the trial court to allow a peremptory challenge of the juror Clark. This juror had been qualified and accepted by both the State and appellant, thereafter upon a full panel being tendered, including Clark, appellant was refused permission to peremptorily challenge the juror. Counsel stated to the court that they thought they had theretofore challenged Clark. At that time appellant had the right to three peremptory challenges.

(4) The action of the court in not ordering a mistrial when witnesses related that appellant had shot the father, a crime different from the one for which he was on trial.

(5) That the verdict is against the overwhelming weight of the evidence.

On the first assignment of error we are of the opinion that the court did not err in sustaining the motion of the district attorney to withdraw the case from the files and docket it for trial. The order passing it to the files did not constitute a dismissal of the cause, and the court had the authority to sustain the district attorney's motion for such withdrawal. Gordon v. State, 127 Miss. 396, 90 So. 95, 18 A. L. R. 1150. The order of the court remanding the case to the files did not operate as a technical discontinuance thereof. Sections 600 and 734, Code of 1930; Germania Fire Ins. Co. v. Francis, 52 Miss. 457, 24 Am. Rep. 674. By its adjudication of insanity the chancery court did not oust the circuit court of jurisdiction. Appellant had been allowed to leave the hospital for the insane about eighteen months before his rearrest, and no action had been taken on the part of the hospital to exercise any control over him.

The instruction complained of was granted on behalf of the State, and was as to the form of the verdict in case the jury found appellant guilty. The complaint is that the instruction failed to tell the jury that it might find the defendant not guilty because of his insanity at the time of the murder. In quite a number of appellant's instructions the jury was plainly advised to this effect, and we see no reversible error in the granting of this instruction.

There was no reversible error in refusing to allow the appellant to peremptorily challenge the juror Clark at the time and in the manner stated in the assignment of error. Section 1277, Code of 1930; Dixon v. State, 164 Miss. 540, 143 So. 855, and authorities there cited.

There is no merit in the assignment that the court erred in permitting witnesses to relate, or in not preventing them from testifying, that appellant first shot deceased, then shot the father, and again fired at the deceased. The two shots were fired in rapid succession, each forming a part of the same occurrence in the difficulty. The shooting of the father was a part of the res gestae of the crime and so much a part of the whole transaction as to be practically inseparable therefrom. Mackie v. State, 138 Miss. 740, 103 So. 379; Simmons v. State, 165 Miss. 732, 141 So. 288; Anderson v. State, 171 Miss. 41, 156 So. 645.

We find no reversible error as to the fifth assignment, that the verdict was against the overwhelming weight of the evidence. There is much evidence to sustain the State's contention that appellant was sane within the meaning of our law. Appellant made no motion for a new trial, and under Justice v. State, 170 Miss. 96, 154 So. 265, this court cannot entertain such an assignment in the absence of a motion for a new trial in the lower court.

Affirmed.