## McLendon v. State.

(Division A. Nov. 6, 1939. Suggestion of Error Overruled Jan. 2, 1940.)

[191 So. 821. No. 33752.]

**M. S. McNeil**, of Hazlehurst, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**W. S. Henley,** of Hazlehurst, for the State.

Argued orally by **M. S. McNeil**, for appellant, and by **W. S. Henley** and **W. D. Conn, Jr.**, for the State.

**Griffith, J.**, delivered the opinion of the court.

The assignments are argued by appellant and the first is that he should have been granted the peremptory instruction requested by him.

The rule in regard to the peremptory instruction is the same in criminal as in civil cases, Justice v. State, 170 Miss. 96, 154 So. 265, and that rule, to restate it, is that taking all the evidence in behalf of the state as true, together with all the sound or reasonable inferences that may be drawn therefrom, if there be enough to support a verdict of conviction, the peremptory must be denied. If beyond this the court is to be called on to review the facts there must be a motion for a new trial assigning as a ground that the verdict is against the weight of the evidence. See Justice v. State, supra. Under the rule as stated the peremptory was properly denied in this case.

The other assignment is in regard to the refusal of the trial judge to recuse himself. The record shows that the stepmother of the injured person is an aunt of the trial judge.

The Constitution of 1890 lays down in appropriate sections what are necessary as qualifications of the judges of the superior courts, and, in Sec. 165, proceeds to specify what it is that will disqualify, and that section is as fol-

lows: "No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties."

It is not contended that there is any connection between the judge and the injured person by consanguinity, as of course there was not. As to affinity there is a connection between the judge and the father of the injured person, since the father is the husband of the judge's aunt, but this does not extend to the stepdaughter of the aunt, because there is no affinity between the blood relations of the husband and the blood relations of the wife. Ex parte Harris, 26 Fla. 77, 7 So. 1, 6 L. R. A. 713, 23 Am. St. Rep. 548.

It is not suggested, and it could hardly be suggested in a criminal case, that the judge had any pecuniary interest and it has been held that the interest which disqualifies a judge under the constitution must be a pecuniary or property interest, or one affecting his individual rights. Ferguson v. Brown, 75 Miss. 214, 227, 21 So. 603; Cashin v. Murphy, 138 Miss. 853, 866, 103 So. 787.

The trial judge was not disqualified under the quoted constitutional section; and when a judge is not disqualified thereunder the propriety of his sitting or recusing himself is a question to be decided by him, and if subject to review at all, would be so only in case of a manifest abuse of discretion. No such abuse is here disclosed. Cashin v. Murphy, supra.

Affirmed.