## McDougal v. State.

(In Banc. Dec. 10, 1945.)

[23 So. (2d) 920. No. 36000.]

**W. I. Munn,** of Newton, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

44

**Roberds, J.,** delivered the opinion of the Court.

Appellant was indicted for grand larceny, in the stealing of $447 in lawful money of the United States, the property of Gertis Watts. The jury returned the verdict hereinafter set out, and the trial court imposed a sentence of three years in the state penitentiary, and defendant appealed.

Appellant contends that the money found to be in her possession the day after the larceny was not identified as being any part of the money stolen from Watts. The stolen money included four twenty dollar bills. One of these bills had stamped into it 66J and another 66D. In addition, Watts testified that he had turned down and creased back very sharply one corner of the first bill; leaving the appearance that the turned-down part of the bill had been cut off. The day after the larceny the previous night he told the sheriff he could identify these two bills and described them to the sheriff as above set out. That was before the money was recovered. Appellant had in her possession a total of $53. This included two twenty dollar bills of the foregoing description. There

was evidence, however, that the numbers and letters on the bills were stamped thereon not for the purpose of identifying the bills but to identify the Federal Reserve Bank which issued them. But the fact remains that the two bills in the possession of appellant were of the exact description, including the creased-down corner, of two of those stolen from Watts. We think this evidence, with the other related facts as hereinafter set out, was sufficient to support the finding of the jury that these bills were identical.

It is next insisted that there is no evidence whatsoever in this record to show appellant guilty. The question is not as to the weight of the evidence. No motion was made to set aside the verdict and for a new trial on the ground that the verdict was against the great weight of the evidence, thereby giving the trial judge, who saw and heard the witnesses, an opportunity to pass on this question, as we have so often held to be necessary, before we can pass on the comparative weight of the evidence. Justice v. State, 170 Miss. 96, 154 So. 265; Dixon v. State, 188 Miss. 797, 196 So. 637; Davis v. State, 173 Miss. 783, 163 So. 391; Byrd v. State, 179 Miss. 336, 175 So. 190; McLendon v. State, 187 Miss. 247, 191 So. 821. Here, to permit us to consider and sustain the contention, there must be an entire absence of any evidence of guilt of appellant. Cogsdell v. State, 183 Miss. 826, 185 So. 206. On that question it is shown by the evidence that on the night of the larceny appellant was with Watts and that she had an opportunity to take the money from his person, which money he had in his shirt pocket. It is further shown that when she heard the next day the sheriff was trying to locate the guilty party that she delivered the said $53, including the two twenty dollar bills, to her sister, and when the sheriff, having learned she had done that, asked her about it she, according to his testimony, denied she had done so. Later she admitted she had done that and gave as an explanation of that act that she then had information the sheriff was

looking for her and that she was afraid he was going to place her in jail and take her money. She also testified, in explanation of her possession of the $53, "I gets it from my son out of the army, Willie McDougall." There was no other evidence supporting or contradicting that statement. In view of the presumption which arises from the recent possession of stolen property, to be considered by the jury in connection with the reasonableness of the explanation of such possession (Harper v. State, 71 Miss. 202, 13 So. 882; Davis v. State, 50 Miss. 86; Jones v. State, 51 Miss. 718, 24 Am. Rep. 658; Foster v. State, 52 Miss. 695; Stokes v. State, 58 Miss. 677; Matthews v. State, 61 Miss. 155; Snowden v. State, 62 Miss. 100), we cannot say there is an entire absence of evidence of guilt of appellant in this case.

But the case must be reversed and remanded because of the form of the verdict of the jury. That verdict was: "We, the jury, find the defendant guilty as accessor to the crime." Section 1518, Code 1942, provides: "No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein." In Wilson v. State, 197 Miss. 17, 19 So. (2d) 475, this court said: "The general rule, as found in the texts, is that ordinarily the verdict is sufficient in form if it expresses the intent of the jury so that the court can understand it, 22 Enc. Pl. & Pr., p. 891; or that the test of the validity of a verdict is whether or not it is an intelligible answer to the issues submitted to the jury, 64 C. J., p. 1067." But it is further said in 22 Enc. Pl. & Pr., pg. 966, "Nor can a verdict be amended by the court where there is doubt or dispute about what the jury found or intended . . . " and in 64 C. J., p. 1066, ". . . but a verdict is bad where it is so uncertain that it cannot be clearly ascertained what, if any, issues were passed on by the jury, or where it is not certain of itself . . . or which is otherwise so uncertain or indefinite as not to enable

the court to base a legal judgment thereon . . . "
Admitting, but not deciding, that "to the crime" means
the crime of grand larceny, and a finding that some one
had committed that crime, it cannot be told whether the
jury meant by "accessor" the defendant was guilty as
accessor before or after the larceny, nor whether the jury
meant this defendant had received the money from an-
other, knowing it to have been stolen, which is larceny
under Section 2249, Code 1942. The evidence points
strongly to another person as the one who actually took
the money from Watts. Under the proof it is likely the
jury thought the appellant received some of this money
from that person. It is certain that the verdict returned
shows the jury did not think appellant actually stole the
money herself. Upon the return of this verdict the jury
might have been sent back for further deliberation (Sec-
tion 1516, Code 1942), but that was not done. The de-
fects were not cured by the statute of jeofailes, Section
1544, Code 1942. We think this verdict, when applied
to the proof in this case, is too vague, uncertain and in-
definite to support a judgment of grand larceny.

Reversed and remanded.