HOLMES *v.* STATE.

[Division B. March 10, 1947.]

[29 So. (2d) 312. No. 36378.]

Henry & Barbour, of Yazoo City, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Looking to the completed record we are of the opinion that there was no reversible error in the refusal of the court to continue the case on account of the absence of the witness Ross. All that this witness knew was that the deceased armed himself with brick bats and followed appellant,—in short that deceased was the aggressor; but this was proved by other witnesses, including some of those for the State. And evidently the jury believed this to be a fact, else the verdict would in all probability have been of murder instead of manslaughter.

And when all the instructions granted at the request of the defendant are read together with those granted for the State, we think there was no reasonable possibility that the jury could have been misled to the prejudice of appellant, considering the further fact that the verdict was of manslaughter and not of murder.

Appellant insists that the verdict is contrary to the great weight of the evidence, but the State makes the point that there was no motion for a new trial and relies on Justice v. State, 170 Miss. 96, 154 So. 265, which has been followed by a long line of cases to the same effect, to wit, that an assignment that the verdict was against the weight of the evidence will not be entertained on appeal in the absence of a motion for a new trial.

Appellant replies that the Court has not always followed the rule laid down in the Justice case and cites the recent case of Moore v. State (Miss.), 20 So. (2d) 96, wherein there was no motion for a new trial and yet the verdict was reversed because against the great weight

of the evidence. In that case the State did not raise the point, but joined in the argument. This has happened also in two or three other cases. We have considered that it is within the province of the Attorney General to waive the point and when he has done so we have not deemed it obligatory on us to raise it ourselves.

Affirmed.