FAUST *v.* STATE.

In Banc. Nov. 8, 1948.

(37 So. (2d) 315)

**F. D. Hewitt** and **A. G. Stratton**, for appellant.

**R. O. Arrington,** Assistant Attorney General for appellee.

**Montgomery, J.**

Appellant was convicted upon an affidavit charging him with the unlawful possession of intoxicating liquor before the Mayor of the Town of Liberty and Ex-Officio Justice of the Peace and fined the sum of $100 and sentenced to serve thirty days in jail, from which judgment he appealed to the Circuit Court of Amite County, where he was again tried and convicted and sentenced to pay a fine of $400 and to serve 90 days in jail, the jail sentence being suspended upon the payment of the fine. From this judgment he brings the case here on appeal.

We have examined all of the questions raised in appellant's assignment of error and find no merit in any of them. This would require an affirmance of the judgment of the trial court, were it not for the further fact that the verdict of guilty in the trial court was not based upon sufficient substantial, reasonable and competent testimony, tending to establish the guilt of appellant beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis.

There was no motion for a new trial on the ground that the verdict of conviction was against the overwhelming weight of the evidence. Unless waived by the State, such a motion is necessary before this Court can consider the sufficiency of the evidence to support the verdict. Justice v. State, 170 Miss. 96, 154 So. 265; Dixon v. State, 188 Miss. 797, 196 So. 637; Davis v. State, 173 Miss. 783, 163 So. 391; Byrd v. State, 179 Miss. 336, 175 So. 190; McLendon v. State, 187 Miss. 247, 191 So. 821; McDougal v. State, 199 Miss. 39, 23 So. (2d) 920.

If the State had raised the point that the motion for a new trial does not contain the ground that the verdict is against the overwhelming weight of the evi-

dence then this Court would not consider the sufficiency of the evidence to support a conviction. Holmes v. State, 201 Miss. 509, 29 So. (2d) 312. In that case this court held that it is within the province of the Attorney General to waive the point and when he does so it is not obligatory on us to raise it ourselves.

The State has not raised the point in this case that the motion for a new trial does assign that as a ground. The point is thereby waived, Holmes v. State, supra; Aderson v. State, Miss., 33 So. (2d) 790.

After a careful review of the record, we are convinced that the evidence in this case is not sufficient to establish the guilt of the appellant beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis. Accordingly the case is reversed and remanded.

Reversed and remanded.