## YOUNG v. STATE.

Division A. Nov. 5, 1951.

No. 38111 (54 So. (2d) 671)

**Forrest G. Cooper,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Lee, J.**

George Young was indicted for the crime of burglary. He was found guilty by the jury, and was sentenced to serve a term of two years in the state penitentiary. From the judgment rendered, he appeals.

Clarence Price owned the store which was burglarized. The doors and windows were securely locked and barred

when he closed on Saturday. Early the following Monday morning, he discovered that an entrance had been forced into the building; and approximately $25, in dimes and pennies, had been taken. Lee Strong, separately indicted for the same offense, plead guilty, and was used as a witness for the State. His testimony was to this effect: He and Young were together most of the intervening Sunday night, dancing, drinking, and gambling. They committed the burglary of Price's store, and obtained about $20 or $25 worth of dimes and pennies. When they purchased gas and oil on two different occasions late that night, payment was made with pennies. The dimes were exchanged for currency.

There was corroboration of Strong's testimony by two other witnesses who testified that he and Young were together in a car on two different occasions, late at night when gas and oil were purchased at the same filling station and payment therefor was made with pennies.

Young admitted that he and Strong rode around together all night, looking for places where they could gamble. While denying that he participated in the burglary, he admitted that Strong had about twenty packages of wrapped pennies, and that he made no inquiry as to where they had been obtained.

The only light which the jury had as to the veracity of Strong and Jones was that the former had previously been convicted of speeding and disturbing the peace, and the latter had been convicted of burglary and larceny.

Appellant's counsel here did not try the case in the lower court. Two errors are assigned: (1) The conviction rests upon the uncorroborated, unreasonable, impractical and self-contradictory testimony of an accomplice; and (2) the verdict of the jury is against the overwhelming weight of the evidence.

This Court has repeatedly held that an accused may be convicted on the uncorroborated testimony of an accomplice, if such testimony is reasonable. Larry v.

State, Miss., 52 So. (2d) 292; Lifer et al. v. State, 189 Miss. 754, 199 So. 107; Boutwell v. State, 165 Miss. 16, 144 So. 479; Matthews v. State, 148 Miss. 696, 114 So. 816.

Obviously, a conviction ought not to stand where such testimony is improbable, self-contradictory, unreasonable, or effectively impeached. Creed v. State, 179 Miss. 700, 176 So. 596, and authorities there cited.

The jury is the judge as to whether the testimony is improbable, unreasonable, or self-contradictory, that is, whether it is true or false, subject to the power of the trial judge to grant a new trial, if the conviction is against the overwhelming weight of the evidence. Nichols v. State, 174 Miss. 271, 164 So. 20.

There is no basis on which this Court would be justified in saying that Strong's testimony is unbelievable. Besides, there was no effort to impeach his evidence, or to show that his reputation for truth and veracity was bad.

But, the statement of facts shows that this conviction does not rest on the testimony of Strong alone. There was corroboration by two other witnesses, and the appellant made damaging admissions.

The second assignment is untenable. In this case, just as in Holmes v. State, 201 Miss. 509, 29 So. (2d) 312, the Attorney General calls our attention to the fact, and makes the point that there was no motion for a new trial.

In Justice et al. v. State, 170 Miss. 96, 154 So. 265, this Court held that, in order to preserve for review here the point that the verdict was contrary to the great weight of the evidence, a motion for a new trial must be made, particularly assigning that ground.

Inasmuch as no motion for a new trial was made, and the trial judge had no opportunity to rule upon that question, it follows that there has been no error in that respect for us to review here. Faust v. State, 204 Miss. 297; 37 So. (2d) 315; Holmes v. State, 201 Miss. 509, 29 So. (2d) 312; Cunningham et al. v. State, Miss., 200

464

So. 248; McDougal v. State, 199 Miss. 39, 23 So. (2d) 920; Dixon v. State, 188 Miss. 797, 196 So. 637; McLendon v. State, 187 Miss. 247, 191 So. 821; Byrd v. State, 179 Miss. 336, 175 So. 190; Davis v. State, 173 Miss. 783, 163 So. 391; Bryant v. State, 172 Miss. 210, 157 So. 346.
Affirmed.