HESTER *v.* STATE

No. 41824          March 6, 1961          127 So. 2d 430

D. H. *Glass*, Kosciusko, for appellant.

J. R. *Griffin*, Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

Appellant, J. B. Hester, was indicted at the September 1960 term of the Circuit Court of Attala County and charged with pointing and aiming a gun toward Ernest Lepard and discharging the same, maiming, wounding and injuring the said Ernest Lepard. The case was tried at that term and appellant was found guilty and sentenced by the court to serve a term of one year in the state penitentiary. The appellant was not represented by counsel and made no motion for a new trial. After the trial he employed counsel and brings this appeal.

The appellant contends the verdict of the jury is contrary to the evidence and contrary to the law and that the sentence is not in accord with the law or the evidence. The testimony by Ernest Lepard, the prosecuting witness, is to the effect that he was picked up by the appellant and that the appellant and others were in the car. There were about five people in all in the car.

Apparently another factor is involved in that all of the parties had imbided to some extend in moonshine whiskey, yet it was shown that one passenger, a brother of the prosecuting witness, was inebriated to such an extent that he had passed out on the back seat. The appellant himself admitted that he had drunk some moonshine whiskey but wasn't drunk. The prosecuting witness, in his testimony, said that they proceeded to a point on a rural road in Attala County known as the old Goodman road, that they stopped the car at this point so that

he could answer a call of nature, that he was standing in front of the automobile and while he was so standing there the appellant shot at him—the shot entering the ground right near his feet. The appellant told him to hold out his cigarette in his hand and upon complying with this request, the appellant shot the cigarette three or four times, whereupon he turned to run and was shot in the hip by the appellant. Upon being shot, Lepard made a hasty retreat to the rear of the automobile. The appellant, being crippled from the waist down, never left his seat in the automobile. About this time the sheriff and his deputies arrived on the scene and the altercation was brought to a halt.

The appellant took the stand in his own behalf and testified as follows: "He just come on me with a screwdriver and I shot one time to scare him and he dropped his screwdriver and he bent down to get it again and when he did I shot him, I knowed that would scare him, if it didn't I would have to shoot him to really stop him, and when I shot him he run around back of the car and as he did the law started up and he never did pick up his screwdriver, he run off and left it. Billy Horn picked that up. He had already run that Edwards boy off, got after him with it, and I asked him to behave and he started on me with it, and I told him I'd shoot him if he come on me with it and he started and I shot in the ground and he started to jump back and dropped his screwdriver and went over to get it and when he did I shot him in the hip. That's all I've got to say."

In support of the contention that the evidence is sufficient in this case to make a question for the jury in Armstrong v. State, 48 So. 2d 476, it is said as follows: "This appeal is from a judgment of conviction for assault and battery by pointing and aiming a pistol and by its discharge injuring another. The indictment was drawn under Section 2013, Code 1942.

"The only assignments are the refusal of a peremptory charge, and the insufficiency of the testimony to support the conviction.

"The prosecuting witness was engaged in a scuffle with appellant, during which the latter drew a pistol. During the encounter, while both parties were struggling to control the use of the weapon, it was fired into the air. The witness testified that he broke away, and while running was shot in the arm. A numerical preponderance of witnesses asserted that both shots were fired during the scuffle. It presented an issue of fact for the jury as to which version was correct and the credibility of the witnesses, and the weight of the testimony was properly left for their determination."

▮▮ We think there was sufficient evidence to go to the jury and the case should be affirmed.

However, the State raised the point that this case is not subject to review here due to the absence of a motion for a new trial, and insists that the rule to that effect is in Youngblood v. State, 216 Miss. 202, 62 So. 2d 218, which held: "On the third assignment of error, it is to be conceded that if the verdict is against the overwhelming weight of the evidence the defendant would have been entitled to a new trial upon motion duly made in that behalf. But under the rule announced in the case of Young v. State, 212 Miss. 460, 54 So. 2d 671, it was held that, 'in order to preserve for review here the point that the verdict was contrary to the great weight of the evidence, a motion for a new trial must be made, particularly assigning that ground.' Citing Justice, et al v. State, 170 Miss. 96, 154 So. 265, and in the Young case the Court further stated, (in regard to the question of whether a reversal can be granted here on the ground that the verdict is against the great weight of the evidence): 'Inasmuch as no motion for a new trial was made, and the trial judge had no opportunity to rule upon that question, it follows that there has been no error in that re-

spect for us to review here. Faust v. State, 204 Miss. 297, 37 So. 2d 315; Holmes v. State, 201 Miss. 509, 29 So. 2d 312; Cunningham, et al v. State, Miss., 200 So. 248; McDougal v. State, 199 Miss. 39, 23 So. 2d 920; Dixon v. State, 188 Miss. 797, 196 So. 637; McLendon v. State, 187 Miss. 247, 191 So. 821; Byrd v. State, 179 Miss. 336, 175 So. 190; Davis v. State, 173 Miss. 783; 163 So. 391; Bryant v. State, 172 Miss. 210, 157 So. 346.' ''

Therefore we are of the opinion that this case should be affirmed.

Affirmed.

*McGehee, C.J.,* and *Arrington, Ethridge* and *Jones, JJ.,* concur.