274 So.2d 133 (1973)
Clyde Kent HOUSTON
v.
STATE of Mississippi.
No. 47070.
Supreme Court of Mississippi.
February 26, 1973.
*134 Ellen E. Goldman, Marks, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Clyde Kent Houston was indicted, tried, and convicted in the Circuit Court of Quitman County for the crime of murder. The jury that found him guilty fixed his sentence at life imprisonment in the State Penitentiary. From this conviction and sentence he appeals.
On Saturday, September 5, 1971, appellant, together with his three brothers, sister, Anne Harris, and Prentiss Sanders left their home at Roundaway and went to the Mes'Zenith Club in Marks. The Mes'Zenith Club is a nightclub where the usual activities associated with such a club are carried on. On this night a large crowd was present, estimated by the manager of the club to be about 200 people. Sometime during the evening appellant and the members of his party decided to have their picture taken. The deceased Mack Glover walked between the camera and the group that was posing for the picture. Glover was asked to move on, and he replied that he would move when he got ready. His refusal to move brought on a fight. Who was the aggressor in this fight is in dispute. According to the witness for the state either the appellant or one of his brothers started the fight. In any event it resulted in a free for all in which most of the people present at the club appear to have been engaged. Appellant and his brothers, as well as Mack Glover, were involved. The manager of the club, armed with a pistol, was finally successful in getting the fight stopped. Since it was closing time, he began to try to get the people to leave the club. Appellant was either put out by the manager or left on his own accord.
According to the testimony for the state, appellant with his two brothers started back in the club. Appellant had armed himself with a pistol, and when he was on the top step leading into the club, he, without any cause, shot Mack Glover who was standing just inside the door. Glover was unarmed and had his head turned talking with a friend. He was shot on the left side of his head and fell forward onto the steps. He died a short time thereafter as a result of the shot. Appellant and the members of his party immediately left the scene of the shooting.
*135 Appellant testified in his own behalf and according to his testimony Glover was the aggressor in the fight which started inside the club and during the course of this fight Glover cut appellant's brother on the hand with a razor. Appellant stated that when he started back into the club to retrieve his coat and his sister's purse, Glover cursed him and started towards him with a razor in his hand. He said he started backing up and pointed the pistol at Glover to scare him, his foot slipped and he accidently fired the shot that killed Glover.
Appellant's assignment of error is as follows:
1. The trial court erred in allowing the district attorney to question a character witness for the defendant about the general reputation and character of the deceased when the character of the deceased had not been put in issue.
2. The lower court erred in overruling the objection of the appellant to the introduction of the pistol into evidence because the affidavit from which the arrest warrant was issued did not show probable cause, making the arrest illegal and the evidence seized as a result inadmissible and depriving the defendant of his constitutional rights as guaranteed him under the Mississippi Constitution and the Constitution of the United States.
3. The lower court erred in overruling the defendant's motion for a directed verdict after the close of the state's case, renewed after the defense rested and a motion for judgment notwithstanding the verdict of the jury on the grounds the evidence offered by the state did not support the charge of murder.
The first assignment of error is without merit. The record reflects that Ellen Lee testified as a character witness for the appellant. On cross examination of the witness, the district attorney asked her if she knew the general reputation of the man who got killed. No objection was made to this question, and the witness replied, "I might have heard of him, but I don't know anything about him." The district attorney then said, "You don't know anything about him then, whether he's a good boy or not?" Still no objection was made and the witness said, "No, sir, I don't know him. I just hear something about him, you know. People tell me, you know, since I been here, but I don't know him." The district attorney then said, "No further questions." Counsel for appellant on redirect examination asked the witness what she had heard about the boy that got shot. The witness replied, "I haven't heard anything. He asked me did I know him and I said I didn't know anything about him. I just heard about him, you know, since I been here, his name. I don't know anything about him or his parents and that's all." The character of the deceased had not been put in issue, and it was improper for the district attorney to question the witness relative to the character of the deceased. However, appellant failed to object to the question and, furthermore, developed the testimony on redirect. Under these circumstances, the trial court cannot be put in error on this question.
As to the second assignment of error, it is contended that appellant's arrest was without probable cause and illegal and that the pistol introduced into evidence was obtained as a result of this illegal arrest. It is also contended that the pistol was obtained by an illegal search. The record reflects that the pistol in question belonged to Prentiss Sanders and was loaned to the appellant on the day of the shooting. The pistol was returned to Sanders after Glover was killed. Officer Gatewood investigated the killing, and in the course of his investigation requested Mr. Weeks, on whose place Sanders lived, to get the pistol. Sanders testified that he voluntarily turned the pistol over to Mr. Weeks, who in turn, gave it to Gatewood. Since the pistol was not obtained as a result of appellant's *136 arrest, it is immaterial whether the arrest was based upon probable cause. No fruits of the arrest were introduced in evidence and, furthermore, there is nothing in the record upon which the court could find that the arrest was illegal. Even if it could be said that the pistol was obtained as a result of a search without a warrant, appellant had no standing to object to the search. He did not own the pistol and did not have it in his possession at the time it was taken. He had no interest in the premises alleged to have been searched and was not on the premises at the time of the alleged search. Under these circumstances, he had no standing to object to the search. Robinson v. State, 219 So.2d 916 (Miss. 1969).
Finally, appellant contends that the trial court was in error in overruling his motion for directed verdict of not guilty and in overruling his motion for judgment notwithstanding the verdict of the jury. In considering the motion for a directed verdict the trial court was required to take as true all the evidence favorable to the state together with all reasonable inferences that could be drawn from that evidence. McLendon v. State, 187 Miss. 247, 191 So. 821 (1939). It is clear from the record in this case that there was ample evidence to withstand a motion for a directed verdict and ample evidence from which the jury could find that the appellant was guilty of murder. The jury was justified in finding from the evidence that appellant was the aggressor in the fight with Glover that started in the club, that after the fight appellant left the scene, armed himself with a pistol, forced himself towards Glover, who was unarmed standing with his head turned from the appellant, talking with someone else, and that appellant shot Glover at a time when Glover was making no attempt to do anything to him. Also, appellant stated after the shooting that he shot the right one. It is clear from this evidence that the trial court was not in error in overruling appellant's motion for a directed verdict of not guilty. It is likewise clear that the trial court was not in error in overruling appellant's motion for a judgment notwithstanding the verdict of the jury. Furthermore, if we consider the motion for judgment notwithstanding the verdict of the jury as a motion for a new trial, we are of the opinion that the verdict of the jury is not against the overwhelming weight of the evidence.
For the reasons stated, this case must be and is affirmed.
Affirmed.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.