420 So.2d 1060 (1982)
J.T. HUGHES, Jerome Montgomery and Darnell Bumphis
v.
STATE of Mississippi.
No. 53460.
Supreme Court of Mississippi.
October 6, 1982.
Rehearing Denied November 10, 1982.
*1061 Gene Barton, Moffett & Thorne, Michael G. Thorne, Coleman, Breard & Walker, John R. Coleman, Tupelo, for appellants.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
HAWKINS, Justice, for the Court:
J.T. Hughes, Jerome Montgomery and Darnell Bumphis have appealed from their convictions in the Circuit Court of Lee County of aggravated assault. We affirm.
These three defendants were jointly indicted on November 26, 1979, in a two-count indictment for aggravated assault on Jules Harrison "Nick" Blanchard and Donald Ray, and following their convictions were each sentenced to serve a term of seven years on each count, to run concurrently.
Gary Gilmore's residence is next to Wade's Grocery Store, a roadside store on Highway 371 in Lee County. Blanchard, at approximately 7:30 p.m. on Saturday, September 22, 1979, left his friend Donald Ray at the Gilmore house, where they had been visiting. Ray was invited to supper at Blanchard's house, about two miles distant.
Blanchard was driving a 1972 Chevrolet pickup. Parked in the store parking lot was a 1973 Pontiac four-door sedan owned and being driven by Hughes, and in which Montgomery and Bumphis were passengers.
As Blanchard backed around into the store parking lot preparatory to returning home, he and the three defendants had an exchange of some rather blunt language, the precipitation and content of which were disputed by the opposing parties. Blanchard sped away and, according to the defendants, the pickup threw gravel and broke the car's windshield.
The car followed the pickup, and Blanchard stopped, got out with a club, and two of the defendants who had also gotten out of the car, returned to the car. Blanchard got into his pickup and drove to his home.
After Blanchard reached his home, Luke Lucas and Clarice Richardson arrived to eat supper with Blanchard and his wife; shortly thereafter Ray also arrived.
The defendants claimed that they wanted Blanchard to pay for the broken windshield. In the car were a .22-caliber pistol and a 12-gauge shotgun which they claimed they had used to shoot at turtles and cans down at a creek earlier that day.
They drove to the Blanchard residence where Mrs. Blanchard asked them to leave. Blanchard got his 12-gauge shotgun, and over his wife's and friend's protest went out the back door and placed himself behind a butane gas tank located to the side of the house. From there he proceeded to a tree in front of the house. He stood behind the tree.
Mrs. Blanchard and the guests went to the front porch telling the defendants to leave.
Again, the evidence is disputed, but three pistol shots were fired, wounding Ray. Blanchard stepped from behind the tree, armed with his shotgun, and was shot in the leg by a shotgun. Montgomery fired the pistol, and Bumphis fired the shotgun.
Ray was not seriously injured, but Blanchard's would required amputation of his left leg.
Each of the defendants was represented by court appointed counsel who vigorously contested the state's proof. Charged with aggravated assault on Ray and Blanchard, the defendants claimed lawful self-defense from the apprehension of serious danger at the hands of Blanchard, who was armed with a 12-gauge pump shotgun.
*1062 The defendants' assignment of error on the insufficiency of the evidence is not persuasive. This was one of those hotly-contested cases on the facts, and success is dependent upon factual resolution by the jury. We see no necessity to detail the testimony of the various witnesses. The guilty verdict was sufficiently supported by competent evidence.
Blanchard and Ray are white. The defendants are all black. They allege that the trial judge erred in permitting the state to exercise peremptory challenges so that no blacks sat on the jury. There is no claimed error as to the selection of the venire, or as to any challenge by the state for cause. There is no merit to this assignment. Gaines v. State, 404 So.2d 557 (Miss. 1981).
Did the trial court err in refusing certain requested instructions on self-defense? One instruction for each defendant sought to inform the jury they should not hold the defendants to the same calm judgment the jurors might have, but to consider the circumstances in which the defendants were surrounded at the time of the shooting.
The other instruction sought to inform the jury that even if they found the defendants were initially the aggressors, if they had abandoned the enterprise and were leaving, and thereafter Blanchard, armed with the shotgun, approached them in such a manner as to cause reasonable fear for their safety, they were entitled to use their firearms in self-defense.
The wording of these instructions is somewhat questionable. There would be instances, however, in which a circuit judge would be obligated to give such instructions properly worded, and if this were such a case, we would call the circuit judge to task for refusing to give them in proper form. This is not such a case. The experienced circuit judge gave a detailed and fair instruction covering all the elements of self-defense. There was no instruction granted by the state which restricted or curtailed the defendants' claim of self-defense. There was no instruction given which estopped the defendants from claiming self-defense. The instruction given by the court on self-defense informed the jury that if the defendants had reasonable ground to fear death or perceive bodily harm at the hands of Blanchard, and even though the danger was only apparent as opposed to actual danger which caused them to shoot the weapons, they should be acquitted.
The instruction the court gave on self-defense did not conflict in any way with the requested defense instructions. The circuit judge adequately informed the jury on the law of self-defense. We see no need in this case for the trial judge to further delineate some aspect of the affray, which defense counsel were still free to argue to the jury, using as their text the self-defense instruction the court did give. Holmes v. State, 201 Miss. 509, 29 So.2d 312 (1947).
The remaining assignment of error, asserted by Bumphis, deals with the admission into evidence of a pretrial statement given by Blanchard to one of the investigating officers. Counsel for the codefendants cross-examined Blanchard about this statement to show inconsistency with his testimony. Having cross-examined Blanchard as to certain parts of the statement, the circuit judge permitted the state to offer the entire statement in evidence. This was not error. Jones v. State, 342 So.2d 735 (Miss. 1977); Stampley v. State, 284 So.2d 305 (Miss. 1973).
Although we affirm the convictions in this case, we commend the vigor and interest shown by the court appointed counsel in representing their clients in trial proceedings, in their briefs, and their oral argument before us. The defendants were well represented.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, BOWLING, DAN M. LEE and PRATHER, JJ., concur.