McMILLIN, C.J.,
for the Court:
¶ 1. Ronnie Ray McNeal was convicted by a jury in the Circuit Court of DeSoto County on a three count indictment for conspiracy to commit burglary, burglary, and petit larceny. He has appealed his conviction to this Court claiming that the verdicts of guilty were against the weight of the evidence and that the trial court erred as a matter of law in denying his motion for a new trial on that basis. Finding that assertion to be without merit, we affirm.
¶ 2. The State presented competent evidence from three eye-witnesses, two of whom were alleged to be McNeal’s associates in the criminal venture, that McNeal, Preston Brunt, and a sixteen-year old minor met in McNeal’s front yard and formulated a plan whereby Brunt and the minor would break into the unoccupied home of James Oxendine and his daughter, Brandy Oxendine, which was located across the street from McNeal’s residence. Their purpose in entering the residence was to steal a television and a video game driver known by the brand name of Sega Genesis. According to testimony from both Brunt and the minor, McNeal’s role in the enterprise was to serve as lookout and to whistle loudly in warning if he observed anyone returning to the Oxendine residence. Brandy Oxendine testified that she was returning home on foot with a friend when she heard McNeal whistling loudly, after which she saw Brunt and the minor run from her home. Upon entering the residence, she discovered the television and video game driver, detached from their normal hook-up and deposited on the floor near the front door.
¶ 3. McNeal did not present any evidence in his behalf after the State rested. During cross-examination of Brunt and the mihor, McNeal’s counsel was able to elicit from both of them that they had informed defense counsel prior to the commencement of trial that McNeal had played no part in the burglary. However, after evidence of these prior inconsistent statements was presented, the State countered with evidence that both those individuals had given statements to investigating officers shortly after they were detained in connection with the crime that had implicated McNeal in the crime. Based on the evidence presented, the jury returned its verdict of guilty against McNeal.
¶ 4. A defendant is entitled to have the trial court consider a claim that a miscarriage of justice has occurred in his case because the guilty verdict is against the weight of the credible evidence. Procedurally, this challenge takes the form of a motion for new trial. See URCCC 10.05; McDougal v. State, 199 Miss. 39, 46, 23 So.2d 920, 921 (1945). The trial court, in deciding the issue, is charged to consider all of the evidence in the light most favorable to upholding the verdict. Jones v. State, 635 So.2d 884, 887 (Miss.1994). Only if the court is convinced that, even viewing the evidence in the light most favorably to the State, a manifest injustice has occurred is the defendant entitled to a new trial. Fairchild v. State, 459 So.2d 793, 798 (Miss.1984). If the trial court denies the motion, an appellate court may intervene only if that court is satisfied that the trial court abused the discretion necessarily afforded the trial court in the matter. Jones, 635 So.2d at 887.
¶ 5. In this case, the State presented competent eye-witness evidence to establish each of the essential elements *1098 of the crimes for which McNeal stood accused. McNeal’s argument consists entirely of the proposition that the only evidence implicating him in the criminal activities of Brunt and the minor was their testimony, and that their testimony was so substantially impeached as to be unworthy of belief. Admittedly, these witnesses were impeached to some extent by evidence that they had made prior statements inconsistent with their testimony at trial, and that these extrajudicial statements tended to exonerate McNeal. See M.R.E. 801(d)(1)(A). Yet, after this impeaching evidence was presented, the State was able to refute the notion that the version of events implicating McNeal was a recent fabrication by these witnesses. The State did so by introducing evidence of earlier statements by both witnesses that were consistent with their trial testimony. See M.R.E. 801(d)(1)(B). This evidence could certainly have been seen by the jury as tending to rehabilitate the credibility of these witnesses. Even without this rehabilitative evidence, the matter of what credibility to assign the in-court testimony of the witnesses was a matter to be resolved by the jury. Jones v. State, 743 So.2d 415(¶ 22) (Miss.Ct.App.1999). The mere fact that evidence is developed tending to impeach a witness does not mean that the jury is required to reject the witness’s testimony. Such impeachment is for the purpose of aiding the jury in determining what weight and worth it will give to the evidence offered by that witness. Jones v. State, 381 So.2d 983, 988-89 (Miss.1980). In this case, the version of events offered by McNeal’s accomplices was corroborated by the testimony of Brandy Oxendine, who personally observed McNeal behaving in an odd manner that was entirely consistent with his lookout duties as testified to by Brunt and the minor.
¶ 6. Based on our review of the record, we are unconvinced that the trial court erred when it denied McNeal’s new trial motion that challenged the weight of the evidence supporting his guilt. Having so found, we conclude that the convictions in this case must be affirmed.
¶ 7. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I CONSPIRACY AND SENTENCE OF FIVE YEARS TO RUN CONSECUTIVE TO SENTENCE IN COUNT II; COUNT II BURGLARY OF A DWELLING AND SENTENCE OF FOUR YEARS; COUNT HI PETIT LARCENY AND SENTENCE OF SIX MONTHS TO RUN CONSECUTIVE TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.