366 So.2d 246 (1979)
C.G. ARRINGTON
v.
STATE of Mississippi.
No. 50877.
Supreme Court of Mississippi.
January 17, 1979.
*247 Thomas Gene Clark, Laurel, Charles M. Leggett, Waynesboro, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and LEE and COFER, JJ.
LEE, Justice, for the Court:
C.G. Arrington was indicted and tried for murder in the Circuit Court of Wayne County. He was found guilty of manslaughter and was sentenced to ten (10) years in the Mississippi State Penitentiary. From that sentence and judgment he appeals and assigns the following errors in the trial below:
(1) The lower court erred in excluding evidence offered by the defendant relative to the character and reputation of the deceased, together with the record of convictions of the deceased.
(2) The lower court erred in refusing to grant Instruction D-9 requested by the defendant.
On May 5, 1977, about 7:00 p.m., appellant and his wife drove up to the Midway Curb Market, Waynesboro, and appellant went inside, purchased a soft drink and newspaper, and started out. Thomas Mack Sumrall and Robert McMichael, both of whom were employed on an oil rig in Louisiana, had gotten off work, and had come to Waynesboro, where they entered the store. When Sumrall went inside, he apparently blocked the entrance, Arrington grabbed Sumrall around the collar to remove him from the doorway, an altercation ensued, and the two men scuffled back to Arrington's truck which was parked about twenty (20) feet from the store front. Arrington picked up an air pump from the bed of his truck and attempted to strike Sumrall with it. Sumrall was the larger of the two, he took the instrument away from Arrington, and hit Arrington on the head, causing the air pump to break. Arrington indicated that he had enough of the fight and Sumrall turned around, walked away from him and the truck, and started to enter the store again. Arrington got a .22 rifle from his truck and about the time Sumrall reached the front door of the store, Arrington began shooting at him [three (3) empty shell hulls were found at the truck]. Sumrall fell and expired, having been struck by one of the bullets, which entered his chest, ranged upward and lodged behind his right shoulder blade.

I.
Did the trial court err in excluding evidence offered by appellant as to the character and reputation of the deceased along with a record of convictions of the deceased?
Appellant complains that the trial court declined to permit him to introduce evidence of deceased's bad reputation for peace or violence in the community in which he lived and declined to permit introduction of deceased's criminal record, which included three (3) convictions for violation of prohibition laws, one for resisting arrest, one for destroying private property, and two for violation of parole.
The appellant claimed self-defense, but at the time he shot Sumrall, appellant was the aggressor. The general rule on self-defense is stated in 40 Am.Jur.2d Homicide § 145, at 434 (1968):
"The fault in bringing on a difficulty which will deprive one of the right of self-defense is not confined to the precise time of the fatal encounter which results, but may include faults so closely connected with the difficulty in time and circumstances as to be fairly regarded as operating to bring it on. A plea of self-defense is of no avail, notwithstanding the deceased *248 provoked the original quarrel with the accused, where, after that quarrel had ended, and there had been a cessation of the conflict, or the deceased had withdrawn therefrom, a subsequent difficulty was provoked or brought about by the accused. He is to be deemed the aggressor for bringing on or renewing the affray, even though, in so doing, he had no intention of killing or doing serious bodily harm."
For a homicide to be justifiable on the ground of self-defense, the danger to the slayer must either be actual, present and urgent or the slayer must have reasonable grounds to apprehend a design on the part of the deceased to kill him or do him some great bodily harm and, in addition, there must be imminent danger of such design being accomplished. Bright v. State, 349 So.2d 503 (Miss. 1977). The general rule is that evidence of the bad character of the deceased is competent where there is doubt as to which of the parties was the aggressor.
In the present case, Sumrall had withdrawn from the affray and had walked away from Arrington a distance of approximately twenty (20) feet with his back toward Arrington, when the shooting began. Under those facts, which are undisputed, the evidence was not competent on the issue of which party was the aggressor. Furthermore, the trial judge stated to counsel for appellant in chambers that he would permit him to introduce testimony regarding the general reputation of Sumrall for peace or violence in the community in which he lived. Counsel then questioned the sheriff about same, but the sheriff replied that he did not know Sumrall's reputation. No attempt was made to prove the deceased's general reputation in the presence of the jury.
In Shinall v. State, 199 So.2d 251 (Miss. 1967) and Newsome v. State, 197 Miss. 797, 20 So.2d 708 (1945), this Court held that specific acts of violence committed by the deceased party are not admissible to show evidence of bad reputation.
We are of the opinion that there is no merit in the first assignment of error.

II.
Did the trial court err in refusing to grant Instruction D-9 [Appendix] requested by appellant?
The Instruction D-9 was a self-defense instruction and contained the sentence "The jury must place themselves, as far as possible, in the defendant C.G. Arrington's place, and then judge whether the danger was present, or should have been considered apparent by an ordinary man of judgment and prudence in like condition."
The trial judge granted the instruction absent the quoted sentence, assigning as his reason that the deleted part violated the Golden Rule principle. The instruction is not erroneous under the Golden Rule principle and was approved in Hood v. State, 27 So. 643 (Miss. 1900), in which case the refusal of said instruction was held to be error under the peculiar circumstances of Hood.
In the present case, appellant contends that Instruction D-9 set forth his right to self-defense and he complains that he was prejudiced by the refusal of same. The Court granted Instructions D-7 and D-10 which presented the theory of self-defense to the jury. We are of the opinion that the jury was fairly instructed on the law of the case and that refusal to include the deleted part in Instruction D-9 did not constitute reversible error.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

APPENDIX

"INSTRUCTION D-9
The Court instructs the jury that in deciding upon the guilt or innocence of the defendant C.G. Arrington they should determine what an ordinary and reasonable man might have fairly inferred from all the facts and circumstances by which the evidence *249 shows that the defendant was at the time surrounded, and in so doing, must not try him in the light of subsequent developments nor must they require of him the same cool judgment that the jury can now bring to bear upon the occurrence. The jury must place themselves, as far as possible, in the defendant C.G. Arrington's place, and then judge whether the danger was apparent, or should have been considered apparent by an ordinary man of judgment and prudence in like condition. The danger to life, or great bodily harm, need not have been real, present or urgent at the very moment of the killing, but only apparently so. The question is, whether or not the danger was apparently so imminent and present at the time of the killing that a reasonable and prudent man situated as C.G. Arrington was, would believe it was necessary to kill in order to avoid the loss of life or to prevent great bodily harm, and if from all of the evidence in this case, the jury has a reasonable doubt whether such was the case when the defendant Arrington killed the deceased, then they must find the defendant not guilty."