399 So.2d 1343 (1981)
David Wayne HOLDEN
v.
STATE of Mississippi.
No. 52618.
Supreme Court of Mississippi.
May 20, 1981.
Rehearing Denied July 8, 1981.
Fielding L. Wright, Jr., James H. Heidelberg, Wright & Heidelberg, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and SUGG and LEE, JJ.
*1344 SUGG, Justice, for the Court:
David Wayne Holden was convicted of murder and sentenced to life imprisonment by the Circuit Court of Jackson County. On appeal Holden assigns as error the admission of testimony from his ex-wife and the refusal of a jury instruction.
On the night of December 3, 1978, Holden shot and killed Boots Vice but testified that the killing was in necessary self defense. Doris Delaughter was the ex-wife of Holden but was married to him at the time of the homicide. The homicide occurred in the back yard at the residence of John Goff, the step-father of Doris Delaughter. At that time Doris Delaughter and Holden had been separated for five months and she was living at the Goff home with her three children, the youngest of whom was Holden's child. On Friday, December 1, 1978, Holden had just returned from a hunting trip when he received a telephone call from his ex-wife, Doris. They agreed that Holden could come to the Goff residence to see his child. Holden remained at the Goff home until Sunday afternoon, December 3, and shortly before he left the Goff home, his ex-wife, Doris, testified that he told her, in the presence of five other people, "I'm gonna shoot Boots Vice and then I'm going to shoot you." Holden denied making this statement.
On the night of December 3 Doris Delaughter saw Boots Vice, her paramour, at Oakwood, and later that night Boots Vice came to the Goff residence to spend the night. Doris testified that when Holden arrived at the Goff residence, she heard him blow the horn of his Volkswagen and call, "Boots Vice, come on outside, Boots Vice." Other occupants of the house also heard Holden call Boots Vice to come outside.
In his first assignment of error Holden argues that Doris Delaughter was not competent to testify over his objection because she was married to him at the time of the homicide. The homicide occurred on December 3, 1978, Holden was indicted by a grand jury of Jackson County at the April, 1980, term even though several intervening grand juries had been empanelled since the homicide, and trial was held on July 14, 1980. Doris Delaughter and David Wayne Holden were divorced after the homicide but before trial.
Holden states in his brief that the basis of his argument "is the common law husband and wife privilege now codified in Mississippi jurisprudence as section 13-1-5, Mississippi Code of 1972 as annotated and amended."[1]
Appellant's argument overlooks the fact that section 13-1-5 has no application in the present case because the statute does not change the common law rule that the husband or wife may testify against the other after divorce, if the testimony does not relate to privileges communications. Hesdorffer v. Hiller, 111 Miss. 16, 71 So. 166 (1916). In Hesdorffer the question before the Court was whether the husband of Mrs. Hiller could testify about a transaction that occurred while the parties were married. The proof showed that the husband, after the transaction but before his deposition was given, was divorced from Mrs. Hiller. The Court held that the true common law rule was that a husband or wife may testify against the other after divorce, if the testimony does not relate to privileged communications, and neither could testify for the other because of the identity of interest. The Court then stated:

*1345 Mr. Wigmore, writing on this subject says:
"Nor is it material that the testimony relates to matters which occurred during the marriage. The few rulings taking the contrary view are misled by the analogy of a different privilege, namely, that which prohibits the disclosure of marital confidential communications."
This is the crux of the whole matter: Does Mr. Hiller's testimony disclose "confidential communications?" If not, he is a competent witness against his wife, all identity of interest having been destroyed by the divorce decree. This court had in mind the distinction made here when it decided the case of Whitehead v. Kirk, 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L.R.A.(N.S.) 187. We used this language in that case: "Of course many things are said and done by husband or wife, which on their face bear no semblance of confidence."
Section 1916, Code 1906,[2] leaves the common-law rule applicable to the facts of this case as it originally existed. The statute removes the disability of the husband or wife on account of their identity of interest, and permits either to certify against each other "in all controversies between them." For the purposes of this decision, we will assume that the statute has nothing to do with the present case, there being no controversy between husband and wife. So, at last, the common-law rule will control. We find that the testimony of Mr. Hiller does not disclose a confidential communication between himself and his wife. This being true the divorce decree removes all incompetency of the witness to testify. The husband and wife are no longer one. (111 Miss. at 20, 21, 71 So. at 167)
In Dycus v. State, 396 So.2d 23 (1981), we followed Hesdorffer and held that former spouses are not disqualified from testifying against each other about statements occurring during the marriage, but they may not reveal marital communications made with the expectation of privacy. We held that since Elizabeth Dycus, the wife of defendant, was divorced from the defendant at the time of the trial, she was competent to testify about any oral communication made by Dycus in the presence of third parties provided he was without any reasonable expectation of privacy.
In the present case the common law rule controls. We find that the testimony of Doris Delaughter does not disclose a confidential communication between her and her ex-husband, David Wayne Holden. This being true, the divorce decree removed all incompetence of the witness to testify, and the court properly admitted her testimony.
In his second assignment of error Holden contends the court erred in refusing to grant the following jury instruction.
INSTRUCTION NO. D-14
When, as in this case, some evidence of self defense is offered by the defendant, the prosecution must then prove beyond a reasonable doubt that the defendant did not act in self defense. The defendant, in other words, does not have the burden to prove beyond a reasonable doubt he acted in self defense; if the evidence has created a reasonable doubt the defendant did act in self defense, you must find him not guilty.
Holden argues the refusal of this instruction shifted the burden of proof to the defendant. The state argues that the instructions as a whole adequately instructed the jury as to the state's burden of proof.
It is a familiar rule that all instructions must be considered together, and if the instructions considered as a whole fully instruct as to the state's burden of proof, the refusal of an instruction will not constitute reversible error. Sloan v. State, *1346 368 So.2d 228 (Miss. 1979). Instruction D-14 was a proper instruction; however, we are of the opinion that all of the instructions, when considered as a whole, fully instructed the jury as to the state's burden of proof, and Holden was not prejudiced by the refusal of Instruction D-14.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Section 13-1-5 Mississippi Code Annotated (Supp. 1978), effective from and after July 1, 1978 provides:

Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. Either spouse is a competent witness and may be compelled to testify against the other in any criminal prosecution of either husband or wife for a criminal act against any child, for contributing to the neglect or delinquency of a child, or desertion or nonsupport of children under the age of sixteen (16) years, or abandonment of children. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.
[2] 1916. (1739) Husband and wife introduced by each other, etc.  Husband and wife may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. (See § 1679)