447 So.2d 649 (1984)
Lenzie ALLISON
v.
STATE of Mississippi.
No. 54306.
Supreme Court of Mississippi.
March 28, 1984.
Harry L. Kelley, Jackson, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Lenzie Allison was indicted for murder and convicted of manslaughter in the Circuit Court of Rankin County and Judge Alfred Nicols sentenced him to serve twenty (20) years in the custody of the Department of Corrections.
The sole issue before us is whether or not it was error to allow the state to cross-examine its own witness when that witness testified that the version he was giving from the stand was the same version that he had given to the state prior to the trial. We hold that it was not error and affirm the conviction.
On the night of November 6, 1981, at a club operated by Allison, a man and woman got into a fight and the woman was cut. The deceased, C.L. Rankin, attempted to separate the combatants. Allison came into the room carrying a .32 caliber pistol. A shot was fired and Rankin died as the result of a .32 caliber bullet wound in the back of the neck.
At the trial the state's first witness was 19-year-old Thomas Jefferson, who testified that when Allison came from the back room that he assumed that Allison tripped and the gun fired. The District Attorney claimed surprise and, over objection, the trial court excused the jury and an extensive hearing was held upon the matter. A recording of a prior inconsistent statement by Jefferson was played and the police officer who interviewed Jefferson testified that Jefferson never told him that Allison had tripped. Jefferson testified that he had told the state on a prior occasion that Allison tripped. The trial court then ruled that the state had shown surprise by the addition to Jefferson's testimony, that the evidence was material to the case, and that the state would be allowed to cross-examine Jefferson.
The appellant then objected on the ground that the statement was not in contradiction of a prior statement but was merely in addition thereto. This was overruled. At the conclusion of the state's case, the appellant offered four witnesses who testified that Allison had tripped when the gun was fired. Upon rebuttal, Officer Dickerson testified that two of these witnesses had made no mention of any stumble in prior interviews and that the first he had heard of any tripping was at the preliminary hearing.
Appellant contends that the district attorney was not surprised and should not have *650 been allowed to cross-examine Jefferson, as Jefferson had told him about the tripping in a statement before the trial began. Appellant further argues that it was improper for the state to impeach Jefferson on immaterial and collateral issues.
Appellant relies upon Dunk v. State, 84 Miss. 452, 36 So. 609 (1904), which held that the state may not impeach its own witness unless surprised by the testimony of the witness. Even when surprise is shown, the prior contradictory statements must be about a matter material to the real issue and not merely collateral and immaterial. There this Court said that the state had not shown surprise when the district attorney had not interviewed the witness prior to calling him and that when the officer denied that Dunk was armed at the time he was arrested it was improper to call witnesses to testify that the officer had told them that Dunk was armed when he was arrested as this was a statement that was purely collateral and had no bearing upon the real issue. The facts of these two cases are readily distinguishable.
Appellant cites Williams v. State, 73 Miss. 820, 19 So. 826 (1896), as authority for the proposition that the trial court did not properly apply the test as to the collateral nature of the prior inconsistent statement. That case holds: "The test as to whether a matter is collateral within the meaning of the rule is this: that the cross-examining party be allowed to prove it in support of his case." 73 Miss. at 829, 19 So. at 829. This test applies to the subject matter of the inquiry and not to the admissibility of the evidence offered to prove it.
In Hooks v. State, 197 So.2d 238, 240 (Miss. 1967), we held that in order to cross-examine and impeach its own witness the state must establish that the evidence had taken it by surprise and that the witness is hostile. The state may show, absent the jury, that the witness has made contradictory statements and at the trial has changed his testimony.
Was this merely an addition by Jefferson to his prior statement or was it a material change in his testimony that constituted surprise? We hold that the trial court correctly found that it was material, going directly to the real issue, and not merely collateral, and that the state had shown that it was surprised and was, therefore, entitled to cross-examine Jefferson. In a trial of murder, how the shooting occurred cannot be anything but material.
In Denton v. State, 348 So.2d 1031 (Miss. 1977), we held that such a ruling was left to the sound discretion of the trial judge. Here that discretion was not abused.
Allison contends that the cross-examination and attempted impeachment of Jefferson prejudiced his defense. He does not specify what constitutes the prejudice (unless we can assume he means the verdict) and yet he offers four other witnesses who also testified that Allison tripped. This, as well as Jefferson's testimony, is exculpatory. It became a question for the jury and the jury resolved it by finding that Allison was guilty of manslaughter.
We affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.