455 So.2d 774 (1984)
Joseph BERRY
v.
STATE of Mississippi.
No. 54297.
Supreme Court of Mississippi.
August 22, 1984.
Rehearing Denied September 26, 1984.
*775 William O. Townsend, Pearl, Wayne Burnett, Jackson, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and HAWKINS, JJ.
WALKER, Presiding Justice, for the court:
This cause comes as an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi. Joseph Berry was indicted and tried for the murder of Jerry Fulton. The jury found Berry guilty of murder, and the trial judge sentenced appellant to a term of life imprisonment in the custody of the State Department of Corrections.
Berry testified that he killed Jerry Fulton in self-defense. He and Fulton had gone away from the other workmen at the building supply company and were shooting dice. According to Berry's testimony Fulton became angry when he began to lose money to the appellant and threatened to kill the appellant. It was Berry's testimony that when Fulton started coming toward him he was afraid and pulled a gun from the front of his pants and shot at Fulton. Three of four shots hit Fulton. The pathologist who performed the autopsy testified that either of two of the shots could have killed Fulton.
There was no eyewitness testimony other than that of the appellant. The State's principal witness was the pathologist. He testified that two of the shots entered the victim's body on the left  one in the left shoulder and one behind the left ear. The appellant later testified that the decedent was coming straight towards him but turned slightly after the first shot.
The only other witnesses for the state were the police officers who arrived after the shooting was reported.
*776 No weapon was found on the deceased.
Appellant cites four errors on appeal. The first two are as follows:
(1) The court refused to grant appellant a peremptory instruction directing a verdict for appellant; and
(2) The court erred in failing to instruct the jury that since the appellant was the only eyewitness to the homicide that his version of the killing if reasonable must be accepted as true by the jury unless substantially contradicted in material particulars by credible witnesses for the State or by physical facts or by facts of common knowledge.
In both of these arguments appellant relies on the Weathersby rule found in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). This Court has repeatedly stated that it is a rare case which meets the requirements of Weathersby. Edge v. State, 393 So.2d 1337, 1340 (Miss. 1981); Null v. State, 311 So.2d 654, 657 (Miss. 1975). This is not one of them.
Berry's self-defense claim was based on his constant fear of the deceased. Berry testified that he was afraid of Fulton and had on another occasion had a "run-in" with him. However, he further testified that he had a .38 calibre loaded pistol in his belt when he and Fulton went to a secluded area to gamble. Also, there was testimony that the two men had eaten lunch together on the day of the shooting. These are hardly the acts of a man claiming to be in constant fear of another. Furthermore, Berry's testimony was that Fulton was facing him when he shot, but the pathologist testified that two shots entered from the victim's left side  one entering three inches behind the left ear. From this, the jury could have found that the deceased was not "coming toward" appellant at all.
The evidence above as to self-defense was not conclusive and at most created a question for the jury. Accordingly, the trial court was correct in refusing appellant's request for a peremptory instruction of not guilty.
Appellant was not entitled to a jury instruction on the Weathersby rule. As this Court pointed out in Null v. State, 311 So.2d 654, 658 (Miss. 1975) "whether an accused is entitled to the benefit of the Weathersby rule is a question for the court and is not a proper subject of an instruction to the jury."
(3) The lower court erred in excluding evidence offered by the appellant as to the decedent's reputation for peace and violence in the community in which he lived.
The general rule is that the character or reputation of the deceased is not admissible in a murder case. An exception to this rule is where there is doubt as to who was the aggressor. Freeman v. State, 204 So.2d 842, 844 (Miss. 1967). But this exception is limited. Specific acts of violence committed by the deceased are not admissible to show deceased's bad reputation. Arrington v. State, 366 So.2d 246 (Miss. 1979); Shinall v. State, 199 So.2d 251 (Miss. 1967) and Newsome v. State, 197 Miss. 797, 20 So.2d 708 (1945).
In the present case the witness was allowed to state that the deceased's reputation for peace and violence was "bad." It was only when the witness testified as to specific acts that the testimony was objected to and excluded. The lower court properly excluded the offered evidence of specific acts committed by the deceased.
(4) The lower court erred in refusing to grant appellant's jury instruction on self-defense.
Appellant's argument reads as though this refused instruction was the only instruction offered on self-defense. Appellant's jury instruction D-10 was rejected as being repetitious when considered with other instructions given. We agree. As this Court stated in Holden v. State, 399 So.2d 1343, 1345 (Miss. 1981):
It is a familiar rule that all instructions must be considered together, and if the instructions considered as a whole fully instruct as to the state's burden of proof, the refusal of an instruction will not constitute *777 reversible error. Sloan v. State, 368 So.2d 228 (Miss. 1979).
The Court further stated in Hughes v. State, 420 So.2d 1060, 1062 (Miss. 1982):
The instruction the court gave on self-defense did not conflict in any way with the requested defense instructions. The circuit judge adequately informed the jury on the law of self-defense. We see no need in this case for the trial judge to further delineate some aspect of the affray, which defense counsel were still free to argue to the jury, using as their text the self-defense instruction the court did give. Holmes v. State, 201 Miss. 509, 29 So.2d 312 (1947).
A review of the instructions given in the present case establishes that the law relative to self-defense was amply covered.
For the above stated reasons, the judgment and sentence of the lower court are affirmed.
AFFIRMED.
ROY NOBLE LEE, P.J., BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.