ROBERTSON, Justice, for the Court:
I.
This appeal from an aggravated assault conviction questions the trial judge’s limitations upon cross-examination of the victim, to-wit: whether the victim’s prior sharp business practices may be used either as a substantive defense to the charge or to impeach the victim’s claim that he had dealt fairly with the accused. Two other less than troublesome assignments of error are tendered, our consideration of all of *266 which leaves us with the firm and definite opinion that the judgment below should be affirmed.
II.
A.
On September 13, 1985, Louis Lee Black, Defendant below and Appellant here, went to the business office of Fred Howard, Jr. in Greenville, Mississippi. Black lived in a home which he rented from Howard and the purpose of Black’s visit was to discuss past due rental payments owed by Black. In fact, Black had lived in the home for some ten years. It appears that at-some time earlier Black had owned the home and that Howard had foreclosed a mortgage he held but allowed Black to continue to live there on a rental basis.
In any event, the conversation between Black and Howard led to an argument in the course of which Black threw an unidentified liquid — apparently some sort of cleaning fluid — into Howard’s face and then attacked Howard with a knife cutting him several times around the face and neck.
That the assault occurred — that Black threw the liquid into Howard’s face and cut him with the knife — is undisputed. How it occurred, however, was hotly contested. Howard testified that Black brought a cup or bowl with him when he entered the office. Black said that he had nothing with him when he entered Howard’s office, that Howard pulled the knife, and that Black grabbed a container of liquid from Howard’s desk and threw it in Howard’s face “to slow him down.”
During the course of the struggle, Howard’s 83-year-old father, Fred Howard, Sr., entered the office. At the behest of his son, Howard, Sr. went to a desk to open the drawer apparently in search of a gun when “Black rushed up to me and cut me on the jaw. I threw up my arm and he cut me there and on my throat.”
Medical testimony from an ophthalmologist who examined Fred Howard, Jr. after the incident reflected that the victim had experienced a strong alkali burn to his eyes. The ophthalmologist stated that Howard was at the time “legally blind” and that his prognosis for recovery of useful vision was listed as “guarded.”
B.
On October 17, 1985, Louis Lee Black was charged with aggravated assault in an indictment returned by the Washington County Grand Jury. Thereafter, on November 12, 1985, the matter was called for trial in the Circuit Court of Washington County at the conclusion of which the jury found Black guilty as charged. The Circuit Court thereupon imposed a sentence of twenty years in the custody of the Mississippi Department of Corrections. Miss. Code Ann. § 97-3-7(2) (Supp.1986).
Black thereafter filed a motion for judgment of acquittal notwithstanding the verdict of the jury, or, in the alternative, for a new trial. This motion was overruled on December 10,1985. The instant appeal has followed.
III.
Black argues that he was unduly restricted in his cross-examination of the victim, Fred Howard, Jr., regarding the past business transactions between the two.[1] This had to do with the prior mortgagor/mortgagee relationship between Howard and Black and in that connection Black proposed to elicit through cross-examination that Howard was a loan shark who had charged Black a usurious rate of interest and that this transaction ultimately led to the argument and altercation of September 13, 1985.
Cross-examination is a matter of right. It is secured by the confrontation clause of the Sixth Amendment to the Constitution of the United States, made enforceable against the states via the Four *267 teenth Amendment. Delaware v. Van Arsdall, 475 U.S. 673, -, 106 S.Ct. 1431,1435, 89 L.Ed.2d 674, 683 (1986). The right is secured independently by the confrontation clause of this state’s constitution, Miss. Const., Art. 3, § 26 (1890), though it is more commonly thought of as a function of our law of evidence. As such its scope has been considered wide, coextensive with the limits of relevancy measured by the issues. Rush v. State, 254 Miss. 641, 654, 182 So.2d 214, 219-20 (1966); Prewitt v. State, 156 Miss. 731, 735, 126 So. 824, 825 (1930). See Rule 611(b), Miss.R.Ev., effective January 1, 1986.
The brief filed by the representative of the State’s prosecutorial interest merely cites cases to the effect that trial judges possess a certain amount of discretion with regard to the extent cross-examination may be allowed, see, e.g., Pace v. State, 473 So.2d 167,169 (Miss.1985); Dozier v. State, 257 So.2d 857 (Miss.1972). These citations are of little help for all recognize that the scope of cross-examination is broad, particularly where the credibility of the victim or other key witnesses for the prosecution is at issue. See Miskelley v. State, 480 So.2d 1104, 1111-12 (Miss.1985). Whether the trial judge abused his discretion in limiting cross-examination is necessarily a matter of careful reflection upon the nature and purpose of the questions propounded.
At trial Black’s counsel stated that one purpose of the purported cross-examination was to “develop the state of mind the Defendant [Black] was in at the time this incident occurred,” the translation of which (we assume) is that, because Howard had allegedly exacted usurious interest from him, Black on September 13, 1985, was (justifiably) in an agitated and angry state of mind toward Howard. Insofar as the thwarted cross-examination may have been intended to establish, overtly or otherwise, that Howard was a nasty fellow who engaged in sharp business practices and that this somehow was a part of the provocation leading to Black’s assault upon him, it was legally irrelevant. That a person is a usurer and a loan shark does not deprive him of protections otherwise afforded by law. Cf Harveston v. State, 493 So.2d 365, 373 (Miss.1986) (evidence of character of victim generally inadmissible); Berry v. State, 455 So.2d 774, 776 (Miss.1984) (same); Dickerson v. State, 441 So.2d 536, 538 (Miss.1983) (homicide laws protect “drunks as well as deacons”); see also 1 Wharton’s Criminal Law § 74 (Torcia ed. 1978) Our law affords one various means of dealing with Shylock, but self help acts of violence are not among them. Such evidence would be admissible only if it tended to show that Black’s actions were taken in lawful defense of his person where there were reasonable grounds for Black to have apprehended a design to commit a felony or to do him some great personal injury and there was imminent danger of such design being accomplished. Miss. Code Ann. § 97-3-15(l)(g) (Supp. 1986). The evidence sought to be elicited via the curtailed cross-examination simply does not rise to this dignity.
Black argues further that the attempted cross-examination should have been allowed for pure impeachment purposes. He notes that on direct examination Howard had stated that “he had been more than fair with this man.” On cross-examination counsel sought to show that Howard had been anything but fair with Black, that Howard’s fairness statement on direct-examination was wholly inconsistent with the facts. We are told further that the cross-examination would have shown Howard’s interest, bias, motive and hostility toward Black. See Miskelley v. State, 480 So.2d 1104, 1108-12 (Miss.1985).
The point escapes us. In the first place the “fairness” statement was an objected to conclusion on the part of the witness. Howard’s statement was characterized by the trial judge as “an abstract attitude” wholly subjective in its nature. We fail to see how counsel’s purported demonstration that this attitude so labeled may have been inconsistent with the objective monetary and computational facts of the prior Howard-Black mortgage loan relationship would demonstrate a disposition on Howard’s part for untruthfulness in his testimony.
*268 Moreover, this is cross-examination regarding a collateral issue. As indicated above, proof of the facts Black sought to establish do not constitute a viable defense to an indictment for aggravated assault. To be sure, our cases on this point are not wholly consistent one with the other. Their rationales are difficult to reconcile. They arise in varying procedural and evi-dentiary contexts. Still we hold that the cross-examination here at issue was sufficiently extraneous to the charge laid in the indictment and was sufficiently unprovoked by Howard’s direct testimony that restriction of the cross-examination was a matter within the discretion of the trial judge, see and compare and contrast Stringer v. State, 500 So.2d 928, 933 (Miss.1986); Walker v. State, 473 So.2d 435, 441-42 (Miss.1985); Murphy v. State, 453 So.2d 1290, 1294 (Miss.1984); Allison v. State, 447 So.2d 649, 650 (Miss.1983); Carlisle v. State, 348 So.2d 765, 767 (Miss.1977); Sims v. State, 313 So.2d 388, 391 (Miss.1975); and Price v. Simpson, 205 So.2d 642, 643 (Miss.1968), although ordinarily we regard it preferable that the trial judge err on the side of leniency rather than restrictiveness concerning defense cross-examination of the victim. Particularly considering the fact that evidence of the prior mortgagor/mortgagee relationship and the fact that Howard had foreclosed on Black was before the jury, we decline Black’s invitation that we reverse by reason, of the trial judge’s refusal to allow Black to develop the details of the previous transaction.
IV.
Black complains further of the admission, over his objection, of testimony of the victim’s father, Fred Howard, Sr., that he too was assaulted by Black. The record reflects that, as the altercation between Black and Howard, Jr. was in progress, Fred Howard, Sr. appeared at the door. Howard, Jr. suggested that his father get a gun out of the desk drawer (although there was actually no gun there). As Howard, Sr. moved toward the desk, Black rushed to him with his knife and cut him across the arm and throat. This was sufficiently a part of the occurrence described in the indictment that the evidence was admissible under our familiar rules. Davis v. State, 476 So.2d 608, 609 (Miss.1985); Wiley v. State, 465 So.2d 318, 320 (Miss.1985); Neal v. State, 451 So.2d 743, 758-59 (Miss. 1984); Blair v. State, 445 So.2d 1373, 1375-76 (Miss.1984).
V.
Black was charged with, tried for and found guilty of aggravated assault. Miss. Code Ann. § 97-3-7(2) (Supp.1986). The prosecution’s theory of the case is embodied in Instruction S-l which reads as follows:
The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant; LOUIS LEE BLACK, wilfully, feloniously and intentionally and not in his necessary self-defense caused bodily harm to FRED HOWARD, JR. by cutting him in the face, throat and chest with a deadly weapon, to-wit: a knife, and by further throwing a liquid substance in his face, said substance likewise having produced serious bodily injury to the said FRED HOWARD, JR., then you shall find the defendant, LOUIS LEE BLACK, guilty of aggravated assault.
Black’s defense was self-defense.
Black concedes that the evidence against him was sufficient to withstand his request for a peremptory instruction and his post-verdict motion for judgment of acquittal notwithstanding the verdict. He argues, nevertheless, that the verdict was contrary to the overwhelming weight of the evidence and that a new trial should be ordered.
Under our practice the trial court in its discretion may grant a new trial if it deems such required in the interest of justice or if the verdict is contrary to law or the weight of the evidence. Rule 5.16, Unif.Crim.R. Cir.Ct.Prac.; Malone v. State, 486 So.2d 360, 366 (Miss.1986); Van Burén v. State, 498 So.2d 1224, 1228-29 (Miss.1986); Winters v. State, 473 So.2d 452, 461 (Miss. 1985). Such a motion is addressed to the sound discretion of the trial court. Peoples *269 v. State, 501 So.2d 424, 427 (Miss.1987); Malone v. State, 486 So.2d 360, 366 (Miss. 1986); Williams v. State, 463 So.2d 1064, 1068 (Miss.1985). As a natural corollary of this rule, we will reverse the trial court’s denial of a new trial only where we are convinced that it has abused its discretion. Malone v. State, 486 So.2d 360, 366 (Miss. 1986).
Having considered the controlling substantive rules of law emanating from the statute and embodied in the jury instruction quoted above, together with application of same to the evidence recited at the outset of this opinion, and having regard as well for the discretionary nature of the motion for a new trial and the concomitant limitations upon our scope of review, this assignment of error must be denied. Van Burén v. State, 498 So.2d 1224, 1228-29 (Miss.1986); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.

. The points discussed in Sections III and IV of this opinion are evidentiary in nature. In that connection it should be borne in mind that the trial occurred prior to the January 1, 1986, effective date for the Mississippi Rules of Evidence.