512 So.2d 1 (1987)
Denver Ray HICKSON
v.
STATE of Mississippi.
No. 57005.
Supreme Court of Mississippi.
September 2, 1987.
*2 Travis Buckley, Ellisville, W. Vol Jones, Jr., Waynesboro, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Today this case makes its second appearance before the Court. Denver Ray Hickson was charged in the Circuit Court of Wayne County with the murder of Susan Carole Johnson Culliver. He was found guilty, was sentenced to life imprisonment as an habitual offender, and has appealed to this Court. On June 5, 1985, the judgment of the lower court was reversed on account of an evidentiary error, and was remanded for a new trial. Hickson v. State, 472 So.2d 379 (Miss. 1985). Upon retrial, Hickson was found guilty again and was sentenced to life without parole. He assigns five (5) errors in the trial below.
The sufficiency of the evidence was raised on the first trial, and the judgment was affirmed on that issue. The facts appear at pages 380-381, Hickson v. State, supra, and will not be repeated here. It is sufficient to say that the victim was a young woman, nineteen years of age, who was brutally and diabolically strangled to death, and shot in the back with a .38 revolver on or about April 18, 1982. Her body was placed in burlap croaker sacks, half filled with sand and gravel for weights, wrapped around with chicken wire, and sunk in Thompson Creek, Wayne County, Mississippi.

I.  III.
The appellant contends (1) that the lower court erred in permitting the State to call Sheriff Marvin Farrior as a witness over the objection of appellant.
The special venire summoned for trial of the Hickson case reported to the courtroom prior to the time that the circuit judge came to the bench. Assuming that the regular procedure was followed in that court district, the sheriff called the names of the special venire and seated them. The circuit clerk was also present and the procedure consumed twenty to thirty minutes. One of the defense counsel was present at all times and the sheriff never discussed the case with any potential juror. Later, objection was made to such participation by the sheriff.
During the trial, Sheriff Farrior was called by the State to testify concerning the collection and preservation of evidence, which was introduced during the State's case-in-chief, and subsequently, he was called to testify as a rebuttal witness of other testimony introduced by appellant from Patricia Ann Criddell. When the sheriff took the stand, attorneys for appellant objected, stating as reasons that the sheriff was a material witness and that he should not have acted in calling the jury list, relying upon Fuller v. State, 468 So.2d 68 (Miss. 1985), and Great American Surplus Lines Ins. v. Dawson, 468 So.2d 87 (Miss. 1985).
We think the above cases, which involved bailiffs to the jury, who were also witnesses, are distinguished from the case sub judice. Further, the attorneys for appellant represented him on the first trial, where the sheriff testified at length in establishing the collection and preservation of evidence, as here, and no objection was made until he took the stand in the present case. See Shelby v. State, 402 So.2d 338 (Miss. 1981); Pierce v. State, 289 So.2d 901 (Miss. 1974); Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948).
We find no merit in the first assignment.
Appellant contends that the lower court erred (2) in refusing to require the State to call Patricia Ann Criddle as a State's witness, or, alternatively, to allow the appellant to call and cross-examine her.
When the State rested, the appellant moved the Court to dismiss the indictment or require the State to enter a nolle prosequi, asserting that the district attorney was derelict in not calling to the witness stand Patricia Ann Criddle, who had previously *3 pled guilty to manslaughter in connection with the same homicide, contending that she was an eye witness to the crime. We answer that contention simply and concisely by saying that there was no duty upon the State under the facts of this case to call the witness Criddle. Neither the appellant, nor the court, instructs the State, or any other party to litigation, what witnesses that party shall put on the stand or how that party shall present its case.
The appellant contends (3) that the lower court erred in admitting into evidence over objection of appellant prior inconsistent statements of the witness Criddle after that witness had admitted making the statements, but testified that they were false. The appellant called Criddle to the witness stand, and argued to the court that he was entitled to cross-examine her. There is no merit in that argument.
Criddle repudiated statements that she had made to the officers admitting her participation in the crime and inculpating appellant. Also, she did not remember her statement to the sheriff or her statement to the judge when entering her guilty plea. The court properly admitted evidence of her former testimony, since the predicate had been laid for its introduction. Davis v. State, 431 So.2d 468 (Miss. 1983). Any admissions made by the witness as to her former testimony should not have been introduced from the record of that testimony, but if such was error, it was harmless. We find no merit in the assignment.

IV.
The appellant contends (4) that the lower court committed reversible error in permitting the State to cross-examine Jennifer Dawson and in admitting into evidence, over objection, a portion of her testimony from an earlier trial.
Jennifer Dawson testified for the State in the first trial of this cause. She was called as a witness by the State in the case sub judice (second trial) without having again been interviewed by the prosecutor. Her testimony was at variance with the testimony on the first trial. The State claimed surprise, and the lower court permitted the prosecutor to ask her leading questions, to which the appellant objected.
The State may not impeach its own witness unless surprised by the testimony of that witness.[1]Allison v. State, 447 So.2d 649 (Miss. 1984). Here, the State established that it was surprised by Dawson's testimony, and that the witness was hostile. Thus, the State met the requirements and the court did not err in permitting cross-examination. The State is not required to interview each witness prior to the trial, although the usual custom is to do so. Had there been a statement or showing by the appellant that the witness had indicated she intended to testify differently prior to the trial, that would have precluded surprise. Gray v. State, 472 So.2d 409 (Miss. 1985).
There is no merit in this assigned error.

V.
The appellant contends (5) that the lower court committed reversible error in admitting the results of the search of appellant's home and automobile.
State Highway Patrol Investigator Ladner, along with members of the Wayne County Sheriff's Office, searched a tan and white Chevrolet van belonging to the appellant on July 6, 1982, pursuant to a search warrant. The fruits of the search were taken into possession by the sheriff. On July 10, 1982, the officers searched appellant's home, pursuant to a warrant, and seized a suitcase, which was identified by the victim's mother. While the underlying facts stated in the affidavit for the search warrant considered alone, may not have been sufficient, oral testimony was adduced before the magistrate which, taken together with the affidavit, sufficiently established that probable cause existed for the issuance of the warrant. The totality of the circumstances was sufficient to convince the judge of probable cause. Drane *4 v. State, 493 So.2d 294, 298-99 (Miss. 1986); Breckenridge v. State, 472 So.2d 373, 376 (Miss. 1985); Lee v. State, 435 So.2d 674, 676 (Miss. 1983); Raper v. State, 317 So.2d 709, 713 (Miss. 1975); Meyer v. State, 309 So.2d 161, 165 (Miss. 1975).
There is no merit in assigned error # 5.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] This case was tried prior to adoption of the Mississippi Rules of Evidence, effective January 1, 1986. We express no opinion what effect, if any, Rule 607 may have on a similar question.