538 So.2d 778 (1989)
Milas Leon McDONALD
v.
STATE of Mississippi.
No. 58195.
Supreme Court of Mississippi.
February 9, 1989.
*779 Donald J. Rafferty, Gulfport, for appellant.
Mike Moore, Atty. Gen., by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
HAWKINS, Presiding Justice, for the Court:
Milas Leon McDonald was indicted by the grand jury of the Second Judicial District of Harrison County for feloniously committing an aggravated assault upon Stanley Polk with a deadly weapon, namely a gun, by knowingly shooting him with the intent to cause serious bodily harm, on December 9, 1985.
There is no dispute but that McDonald did in fact shoot Polk with a pistol, wounding him in the leg. McDonald was 19 and Polk 23 years of age. The two had had some previous difficulty. According to Polk the shooting was deliberate and unwarranted. There was also evidence adduced that after shooting Polk, McDonald attempted to shoot him again as he lay on the ground, and while he did not hit him with the next shot, McDonald beat Polk on the head with the weapon.
According to McDonald he shot Polk in self-defense, believing the latter was armed, and only after Polk made a movement as though he was going for a weapon. In fact, Polk was unarmed.
The jury returned a verdict of guilty, and McDonald, who had a previous conviction for robbery, was sentenced to twenty years imprisonment.

LAW
There is no merit to McDonald's contention that he was entitled to a directed verdict of acquittal, or a new trial because of the insufficiency of the evidence. A jury issue was clearly made that this was a premeditated shooting and wounding with a pistol.
McDonald argues that he should have been permitted to adduce testimony as to previous specific acts of violence of Polk. To sustain this, he has zeroed in on Rule 405(b) of the Mississippi Rules of Evidence (MRE):
RULE 405. METHODS OF PROVING CHARACTER.
* * * * * *
(b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.
Of course, it has long been the rule in this State that when the question of who was the aggressor in either a homicide or assault with a deadly weapon prosecution, proof of the victim's bad reputation for violence or threats that he has made against the defendant is competent. Gates v. State, 484 So.2d 1002 (Miss. 1986); Freeman v. State, 204 So.2d 842 (Miss. 1967); Harveston v. State, 493 So.2d 365 (Miss. 1986); Amis v. State, 204 So.2d 848 (Miss. 1968).
Such testimony is not competent, however, until there has first been some evidence adduced showing that the defendant acted in self-defense; or, put another way, that the victim had been the aggressor in the affray. Tillman v. State, 225 Miss. 275, 83 So.2d 86 (1955); Shinall v. State, 199 So.2d 251 (Miss. 1967); Fornett v. State, 392 So.2d 1154 (Miss. 1981); Fisher v. State, 481 So.2d 203 (Miss. 1985); Weeks v. State, 493 So.2d 1280 (Miss. 1986); Tolbert v. State, 511 So.2d 1368 (Miss. 1987).
In the absence of a justifiable apprehension of one's own safety by the victim's conduct, his character or reputation for violence is irrelevant.
In this case, the record reveals an extraordinary leniency on the part of the circuit judge, who permitted the defense counsel, before any proof had been offered on the issue of self-defense, to question the State's witnesses at will as to Polk's reputation for violence. This line of questioning did not, however, provide a bountiful harvest for the defense.
*780 Did the court err in refusing defense counsel permission to place into evidence specific acts of violence of Polk on previous occasions with other persons? It is clear that prior to the adoption of MRE such evidence would have been inadmissible. Berry v. State, 455 So.2d 774, 776 (Miss. 1984); Arrington v. State, 366 So.2d 246 (Miss. 1979); Shinall, supra; Newsom v. State, 197 Miss. 797, 20 So.2d 708 (Miss. 1945); Rich v. State, 124 Miss. 272, 86 So. 770 (1921); Douglas v. State, 44 So. 817 (Miss. 1907); McCoy v. State, 91 Miss. 257, 44 So. 814 (1907).
What effect has Rule 405(b) had upon these decisions?
There may very well be limited, and special circumstances in which the accused, in the discretion of the circuit court, would be permitted to give testimony of some specific act of violence, but even then only after it was shown that the accused either saw it, or knew of it. In this case the defendant had no personal knowledge of any previous difficulty of Polk's with any third persons. U.S. v. Beros, 833 F.2d 455 (3rd Cir.1987); U.S. v. Perez-Casillas, 607 F. Supp. 88 (P.R.D.C. 1985).

VAGUE STATUTE
McDonald next contends that Miss. Code Ann. § 97-3-7(2)(b) (1974) under which he was convicted is vague and thus unconstitutional because it does not define "serious bodily injury." We need not address this question.
The indictment reads that McDonald did feloniously:
[C]ommit an aggravated assault upon the person of one Stanley Polk, a human being, with a certain deadly weapon, to-wit: a gun, and did then and there purposely or knowingly cause bodily injury to the said Stanley Polk by shooting him in the groin area with the said gun, all with the intent to cause serious bodily injury to the said Stanley Polk.
The pertinent portion of Miss. Code Ann. § 97-3-7(2) reads:
§ 97-3-7. Simple assault; aggravated assault.
* * * * * *
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; ...
Under 2(a) the State is required to prove that the accused attempted to cause serious bodily harm, but under 2(b) the State is only required to prove that the accused attempted to cause bodily injury "with a deadly weapon." As the instructions clearly show, McDonald was prosecuted under Miss. Code Ann. § 97-3-7(2)(b).
The concluding clause of the indictment, "all with the intent to cause serious bodily harm to the said Stanley Polk" was surplusage.

BATSON
McDonald claims there was a violation of the U.S. Supreme Court ruling in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The record reveals there were four blacks on the venire. The State excused three of them, and McDonald excused the other. We have examined the record, and clearly the State gave a proper and racially neutral reason for excluding all three of them. See, Chisolm v. State, 529 So.2d 635 (Miss. 1988); Goggins v. State, 529 So.2d 649 (Miss. 1988); Johnson v. State, 529 So.2d 577 (Miss. 1988); Taylor v. State, 524 So.2d 565 (Miss. 1988); Abram v. State, 523 So.2d 1018 (Miss. 1988); Williams v. State, 507 So.2d 50 (Miss. 1987).
There being no error, the judgment is affirmed.
AFFIRMED.
*781 ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.